758 F.2d 46
 Lynn H. CONWAY, Appellant,
v.
The VILLAGE OF MOUNT KISCO, NEW YORK; Vincent Cerbone as
Justice of the Village Court, Village of Mount Kisco, New
York; Detective Larry McKinsey, Officer of the Village of
Mount Kisco Police Department, Defendants,
and
Bano Buick, Inc.; Alfred Martabano, individually and as an
officer of Bano Buick, Inc.; and Alfred V.
Martabano, individually and as an
officer of Bano Buick, Inc., Appellees.
 No. 91, Docket 83-7318.
 United States Court of Appeals,
Second Circuit.
 Argued Oct. 18, 1984.
Decided March 15, 1985.
 
 Lynn H. Conway, appellant, pro se.
 Michael F. Close, Barry, McTiernan & Moore, New York City, for appellee Vincent Cerbone.
 Before OAKES and WINTER, Circuit Judges, and CLARIE, District Judge*.
 OAKES, Circuit Judge:
 
 
 1
 In Conway v. Village of Mount Kisco, 750 F.2d 205 (2d Cir.1984), familiarity with which is assumed, we suspended judgment against Vincent Cerbone and gave him permission to file a brief within thirty days from the date of entry of the judgment. He has filed a brief accordingly. We reaffirm our previous judgment and remand the cause with him as a codefendant.
 
 
 2
 Cerbone advances four claims--(1) that Conway waived her claims against Cerbone on appeal; (2) that Conway's complaint is legally insufficient as it relates to Cerbone as an individual; (3) that this court should defer ruling on the statute of limitations issue to await a Supreme Court decision, and (4) that Cerbone in his individual capacity did not act under color of law.
 
 
 3
 1. Cerbone claims that Conway waived her contention that Cerbone is a party to this appeal, marshalling support--by reference to a number of documents--for the view that Conway did not intend Cerbone to be an appellee. The claim is generally misplaced; this court has already determined that Conway has shown an intent, sufficient to permit review, to appeal from the order dismissing her claims against Cerbone. For Cerbone to prevail on a waiver argument, he must therefore demonstrate that he suffers prejudice notwithstanding his current opportunity to state the case in support of the decision below. See Sanabria v. United States, 437 U.S. 54, 67 n. 21, 98 S.Ct. 2170, 2180 n. 21, 57 L.Ed.2d 93 (1978); Wheatley v. Beetar, 637 F.2d 863, 864 n. 1 (2d Cir.1980). But this he does not do.
 
 
 4
 Moreover, his claim is unacceptable even on its own terms. Cerbone argues that the notice of appeal expressly mentions only the Martabanos' Rule 12(b) motion, while Cerbone's motion was made pursuant to Rule 12(c). The district court states, moreover, in its order of March 14, 1983, that the 12(b) and 12(c) motions are to be treated as motions for summary judgment. Cerbone is probably correct in assuming that Judge Lowe was not referring to Cerbone 's 12(c) motion, but the technical distinction he tries to draw does not help him.
 
 
 5
 Although Cerbone does not deny having been served with Conway's notice of appeal, he claims that Conway failed to serve him with several documents subsequent to the notice of appeal. We suggest that Cerbone waives his waiver claim by having failed to notify this court that Conway neglected to serve those documents in violation of Fed.R.App.P. 25(b). Similarly, Cerbone's argument that this court inappropriately refers to a document filed by Conway after the date of the notice of appeal ignores the fact that the document (Conway's affidavit in opposition to Cerbone's motion for attorney's fees) is described and attacked in a reply affidavit filed by Mount Kisco and Detective McKinsey on September 13, 1983, which was served on Cerbone and is identified as Item 30 on the docket sheet and certified by the district court as part of the record on appeal. Moreover, Cerbone could have moved under Fed.R.App.P. 10(e) to correct a misstated record, but did not do so.
 
 
 6
 2. Cerbone argues that Conway's claim in the nature of malicious prosecution is insufficient as a cause of action under Sec. 1983. He seems aware that Singleton v. New York, 632 F.2d 185 (2d Cir.1980), cert. denied, 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (1981), defeats the argument that a claim in the nature of malicious prosecution is per se insufficient under Sec. 1983; his argument is instead that the deprivation Conway alleges lacks constitutional magnitude. Cerbone Brief at 2. The point is weak. Conway's complaint alleges that seven hours of detention and "great humiliation, ridicule, and mental anguish" resulted from Cerbone's conspiracy with the Village, Bano Buick, and the Martabanos to execute the arrest warrant. Complaint at paragraphs 14-15. Those allegations are quite sufficient to constitute a constitutional deprivation of liberty actionable under Sec. 1983. Cf. Pyles v. Keane, 418 F.Supp. 269, 276 (S.D.N.Y.1976) (no action under Sec. 1983 for malicious prosecution where plaintiff "fails to identify a single constitutional deprivation").
 
 
 7
 Cerbone also argues that Hudson v. Palmer, --- U.S. ----, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), and Ingraham v. Wright, 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977), taken together stand for the proposition that Conway is foreclosed from bringing her claims under Sec. 1983 because the conduct of which she complains is tortious under state law. The argument proves too much; if true, we would have to say that the Court has sub silentio overruled Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), where the Court addressed and rejected the proposition Cerbone now advances. Id. at 183, 81 S.Ct. at 481. In addition, in both Hudson, --- U.S. at ----, 104 S.Ct. at 3201-06, and Parratt, 451 U.S. at 541-42, 101 S.Ct. at 1916; id. at 545, 101 S.Ct. at 1917 (Blackmun, J., concurring), the Court carefully limits its holdings to special situations involving deprivations of property, while in Ingraham the traditional and unique concerns of education, 430 U.S. at 668-83, 97 S.Ct. at 1410-19, supply the rationale for excusing teachers and schools from the due process obligations normally imposed on state actors who wish to flog people or the like.
 
 
 8
 Finally, Cerbone argues that substantive due process should not provide the source of Conway's due process rights. We may agree without denying that those rights have been violated.
 
 
 9
 3. Cerbone's third claim is that, despite Pauk v. Board of Trustees, 654 F.2d 856 (2d Cir.1981), cert. denied, 455 U.S. 1000, 102 S.Ct. 1631, 71 L.Ed.2d 866 (1982), this court should withhold its determination of the statute of limitations issue, 750 F.2d at 212-13, pending the Supreme Court's disposition of Knoll v. Springfield Township School District, 699 F.2d 137 (3d Cir.1983), cert. granted, --- U.S. ----, 104 S.Ct. 3571, 82 S.Ct. 870 (1984), and Garcia v. Wilson, 731 F.2d 640 (10th Cir.) (en banc), cert. granted, --- U.S. ----, 105 S.Ct. 79, 83 L.Ed.2d 28 (1984), where in both cases a normally applicable statute of limitations period was rejected in favor of a longer period for purposes of Sec. 1983. Argument before the Supreme Court in these two cases was heard on January 14, 1985. See 53 U.S.L.W. 3540 (U.S. Jan. 29, 1985). One can argue that this claim is mooted by Fields v. Board of Higher Education, 63 N.Y.2d 817, 482 N.Y.S.2d 267, 472 N.E.2d 43 (1984), in which the New York Court of Appeals affirmed a decision which apparently holds that state law governing the statute of limitations for Sec. 1983 actions prescribes a three-year time period. In any event, the applicability to this case of the Court's disposition of the Third and Tenth Circuit cases is speculative at best; Cerbone and the others may raise the issue, if need be, either at trial or after trial under Rule 60(b).
 
 
 10
 4. Cerbone's last claim is that Conway failed to allege that Cerbone, in his individual capacity, conspired with a state actor; therefore, Cerbone as an individual did not act "under color of law." This claim is flatly contradicted by paragraphs 10-14 of Conway's complaint, set out in the margin.[1] Detective McKinsey was the state actor involved in drawing the criminal complaint in question, obtaining an arrest warrant, and making the arrest.
 
 
 11
 Judgment reaffirmed and cause remanded with Cerbone as codefendant.
 
 
 
 *
 Of the District of Connecticut, sitting by designation
 
 
 [1]
 10. Upon information and belief, on or before June 30, 1977, Defendant Vincent Cerbone conspired with Bano Buick, Inc., Alfred Martabano, and Alfred V. Martabano to arrest Plaintiff Lynn Conway without probable cause and did arrest Plaintiff upon the alleged crime of issuing a bad check in violation of Section 190.05-2 of the Penal Law of the State of New York for the sole and exclusive purpose of collecting a civil debt allegedly owed to Bano Buick, Inc., Alfred Martabano, and Alfred V. Martabano, thereby violating Plaintiff Lynn Conway's civil rights and the 14th Amendment redressable under 42 USC Sec. 1983; 1985(3)
 
 
 [11]
 Upon information and belief, on or about June 28, 1977, the Village of Mount Kisco through its Police Department generally and Detective Larry McKinsey in particular, under color of law and in conspiracy acted beyond the scope of its authority and power by undertaking to act as Defendant Bano Buick, Inc. and Martabanos' private collection agency and threatening Plaintiff Lynn Conway with criminal arrest and criminal prosecution if she did not pay a civil debt allegedly due. McKinsey, acting under color of law, had no lawful right to make such demands and threats on Plaintiff Lynn Conway, and thereby violated her civil rights under the 13th and 14th Amendments to the Constitution redressable under 42 USC Sec. 1983; 1985(3)
 
 
 [12]
 Thereafter and on or about June 30, 1977, Defendant, the Village of Mount Kisco, under color of right, caused to be issued a warrant of arrest of Plaintiff, Lynn Conway. This warrant was allegedly based on the above-stated private criminal complaint brought by Bano Buick, Inc., Alfred Martabano, and Alfred V. Martabano against Plaintiff, all without probable cause or right to do so and in violation of Westchester County Law Section 700; redressable under 42 USC Sec. 1983, 1985(3)
 
 
 [13]
 At all times herein, the Village of Mount Kisco, through its Police Department, acted without probable cause and in a fashion constituting abuse of process and malicious prosecution in that it aided and abetted Defendant Vincent Cerbone in perverting the law by threatening and bringing to lodge a criminal complaint against the Plaintiff Lynn Conway for the sole purpose of settling a civil debt, all without proper police investigation (42 USC 1985, Sec. 1983)
 
 
 [14]
 The Defendant Village of Mount Kisco and Defendant Vincent Cerbone conspired with Bano Buick, Inc., Alfred Martabano, and Alfred V. Martabano, by executing said arrest warrant against Plaintiff, Lynn Conway. On June 30, 1977, at approximately 7:00 p.m., Lynn Conway was arrested and taken into custody to the Mount Kisco Village Police Station and there imprisoned and detained for a period of seven (7) hours prior to arraignment on the misdemeanor complaint, all against her will