Jose Antonio TORRES, et al.,
Plaintiffs, Appellants,

v.

SUPERINTENDENT OF the POLICE
OF PUERTO RICO, et al.,
Defendants, Appellees.

No. 89–1546.

United States Court of Appeals,
First Circuit.

Heard Oct. 31, 1989.

Decided Jan. 8, 1990.

Jesus Hernandez Sanchez, San Juan, P.R., with whom Hernandez Sanchez Law Firm was on brief, for plaintiffs, appellants.

Jose O. Ramos Gonzalez, San Juan, P.R., with whom Hector Rivera Cruz, Secretary of Justice, Bayamon, P.R., and Jorge Perez Diaz, Sol. Gen., Commonwealth of Puerto Rico and Jose A. Andreu Garcia Law Offices, San Juan, P.R., were on brief, for defendants, appellees.

Before TORRUELLA, Circuit Judge, COFFIN, Senior Circuit Judge, and LAFFITTE,* District Judge.

LAFFITTE, District Judge.

Plaintiff-appellants commenced this action to recover damages under Section 1983 for violation of their civil rights when they were dismissed from their jobs as police officers. Ruling on a motion to dismiss, the District Court dismissed the plaintiffs' claim because the action for wrongful termination of employment was time-barred, and because the plaintiffs failed to state a claim under Section 1983 for malicious prosecution. Plaintiffs, former police officers, seek review on appeal of the district court's findings that 1) the one-year statute of limitations for a Section 1983 claim is not tolled by plaintiff-appellants' administrative action in the Investigation, Processing and Appeals Commission of the Police Department; (known by its Spanish acronym, "CIPA") and 2) a claim for malicious prosecution under section 1983 can only be filed in federal court where there is diversity jurisdiction. We affirm the district

---

* Of the District of Puerto Rico, sitting by designation.

court's decision, but depart from the district court's holding that a claim for malicious prosecution lies in federal court only where there is diversity jurisdiction.

## I.  FACTS

The facts are not in dispute, and in reviewing the grant of a motion to dismiss we accept as true all allegations in the complaint and draw all inferences in favor of the plaintiff-appellants. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). On June 18, 1987 the defendants, officials of the Police Department of Puerto Rico, dismissed the plaintiffs from their jobs as police officers. The plaintiffs were members of the San Juan Vice squad in charge of patrolling a high crime area. Plaintiffs allege that while on patrol of a high crime area, they observed suspicious conduct on the part of other police officers who were dressed in civilian clothes, driving private cars, and carrying weapons. The complaint alludes to, but never states, that the three plaintiff-police officers were dismissed from their jobs and charged with violations of Puerto Rico Weapons laws because they had detected suspicious conduct by other police officers.

On April 13, 1987 the plaintiffs were ordered to report to the San Juan Judicial Center because criminal charges were going to be filed against them. A Commonwealth District Court judge found probable cause to arrest them for violation of the Puerto Rico's Weapons Law. On June 18, 1987, plaintiffs were notified that they were dismissed from their jobs. In Octo-

ber, 1987, all criminal charges were dismissed in a probable cause hearing to indict the plaintiffs.[1] On October 7, 1988 the plaintiffs filed this action in federal district court claiming that the defendants violated their civil rights by firing them and filing criminal charges against them.

## II.  STATUTE OF LIMITATIONS

Plaintiffs do not contest that the appropriate statute of limitations for a Section 1983 claim is Puerto Rico's one-year period governing tort actions.[2] *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *Ramirez–Morales v. Rosa Viera*, 815 F.2d 2, 4 (1st Cir.1987). They also do not contest the fact that they commenced their Section 1983 action more than one year after they had notice of their dismissal from the Police Department. They do argue however, that because they also filed an administrative or "extrajudicial" action within one year after their dismissal, the statute of limitations was tolled.[3]

Defendant-appellees contend in their motion to dismiss, and the district court agreed, that the plaintiffs' administrative appeal to CIPA did not toll the one-year prescription period. The district court found that the tolling statute would not apply to plaintiffs because the administrative action did not request identical relief to the judicial action. *See Fernandez Chardon*, 681 F.2d 42, 49 (1st Cir.1982), *aff'd sub nom. Chardon v. Fumero Soto*, 462 U.S. 650, 653, 103 S.Ct. 2611, 2614, 77 L.Ed.2d 74 (1983); *Hernandez del Valle v.*

---

1. The complaint states that the plaintiff-police officers were "acquitted" of felony charges on October 13, 1987 at a hearing that was appealed to the Superior Court of Puerto Rico, San Juan Part. *See* Complaint at paras. 15–16. In oral argument before this court, counsel for the appellants admitted that the plaintiff police officers were never "acquitted" in trial, but charges were dismissed at a probable cause hearing to indict.

   Under Puerto Rico Rules of Criminal Procedure, a preliminary hearing to determine probable cause to indict is held for anyone charged with a felony. *See* P.R.Crim.Proc.R. 23, 34 L.P. R.A.App. II, R. 23. The purpose of a preliminary hearing before a Commonwealth District judge is to avoid a person being subjected to a criminal prosecution on an information or a

felony charge without probable cause. *People v. Lopez Camacho*, 98 P.R.R. 687 (1970).

2. Article 1868 of Puerto Rico's Civil Code, 31 L.P.R.A. Sec. 5298(2), provides:

   The following prescribe in one year:
   1. Actions to recover or retain possession.
   2. Actions to demand civil liability for grave insults or calumny, and for obligations arising for the fault or negligence mentioned in section 5141 of this title, *from the time the aggrieved person had knowledge thereof.* (emphasis added)

3. On May 29, 1988, eleven months after their notices of dismissal, plaintiffs appealed their dismissals to "CIPA."

*Santa Aponte*, 575 F.2d 321 (1st Cir.1978); *Ramirez de Arellano v. Alvarez de Choudens*, 575 F.2d 315 (1st Cir.1978). We agree with the district court's straightforward reasoning.

█ The accrual period for a Section 1983 action begins when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Marrapese v. Rhode Island*, 749 F.2d 934, 936 (1st Cir.1984), *cert. denied*, 474 U.S. 921, 106 S.Ct. 252, 88 L.Ed.2d 259 (1985). In this case, plaintiffs learned of their dismissal on June 18, 1987. Therefore, to have a timely cause of action, the plaintiffs had to file their federal claim by June 19, 1988. They failed to comply with the statute of limitations when they commenced this action on October 7, 1988.

█ While the accrual period for a Section 1983 action is governed by federal law, tolling is governed by state law. *Board of Regents v. Tomanio*, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980). Under Puerto Rico law, "extrajudicial" claims and prior judicial claims will toll the one-year statute of limitations. Art. 1873 of the Civil Code of Puerto Rico, 31 L.P.R.A. Sec. 5303 provides:

> Prescription of actions is interrupted by their institution before the courts, by extrajudicial claims of the creditor, and by any act or acknowledgment of the debt by the debtor.

*See also Hernandez del Valle*, 575 F.2d at 322. However, the district court correctly held that the extrajudicial claim must claim the same relief later requested in the federal suit. The statute of limitations for Section 1983 claim is not tolled if the remedy requested in both suits is different. *See Altair Corp. v. Pesquera de Busquets*, 769 F.2d 30, 32 (1st Cir.1985); *Alvarez de Choudens*, 575 F.2d at 319; *Graffals Gonzalez v. Garcia Santiago*, 550 F.2d 687 (1st Cir.1977). The record supports the district court's findings that the plaintiff requested two distinct remedies. From CIPA, they sought reinstatement to their former posts, while from the district court they requested $20 million in damages as well as reinstatement and the expunging of all photo-

graphs and fingerprints filed in the police department during arrest. Given that these remedies were not identical, there was no tolling and the prescription period expired on June 19, 1988. *See Hernandez del Valle*, 575 F.2d at 322–323 (public employees' request for reinstatement did not toll statute of limitations in later action for damages under Section 1983); *Graffals*, 550 F.2d at 688 (one-year period provided by Article 1873 of the Civil Code did not toll where administrative appeal requested reinstatement and judicial claim requested damages).

█ In addition to their claim for statutory tolling, plaintiffs argue on appeal that they are entitled to "equitable tolling" of the one-year statute of limitations. They contend that because their claim for malicious prosecution is so "interwoven" with the dismissal procedure, their action accrued when the criminal charges were dropped in October, 1987. We find no reason for allowing the plaintiffs to claim that they did not have knowledge of their injury, i.e. dismissal from their jobs and prosecution, until they were acquitted of all criminal charges. *See Chardon v. Fernandez*, 454 U.S. 6, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981) (Section 1983 action accrues when plaintiff has notice of dismissal); *United States v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979) (cause of action under Federal Torts Claims Act accrued when plaintiff is aware of injury and its probable cause).

Courts usually apply equitable tolling where plaintiffs can show "excusable ignorance" of the statute of limitations caused by some misconduct of the defendant. *Kale v. Combined Insurance Company of America*, 861 F.2d 746, 752 (1st Cir.1988). *See also Cano v. United States Postal Service*, 755 F.2d 221, 222–223 (1st Cir. 1985). Plaintiffs have not asserted that defendants prevented them from learning of the dismissal by actively misleading them or that in some other "extraordinary way" they were prevented from asserting their rights. *See International Union of Electrical Workers v. Robbins & Myers, Inc.*, 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d

427 (1976); *Galarza v. Zagury,* 702 F.2d 29, 32 (1st Cir.1983) (in medical malpractice action, if "damage" is not discovered because of fraud, concealment or misrepresentation of facts, claim is not barred by limitations period); *Earnhardt v. Commonwealth of Puerto Rico,* 691 F.2d 69 (1st Cir.1982) (where no basis for finding employer actively misled employee, there were no equitable consequences which would bar Puerto Rico from raising untimeliness as a defense in discrimination claim). There clearly was no attempt by the defendants to conceal from the plaintiffs notice of the dismissal or the filing of criminal charges. Because plaintiffs failed to even allege in the complaint that they did not have actual notice of their dismissal on June 18, 1987, there are simply no facts upon which to base the equitable tolling doctrine.

### III. MALICIOUS PROSECUTION UNDER SECTION 1983

Plaintiffs also challenge the district court's dismissal for failure to state a claim for malicious prosecution which the court stated was not actionable in federal court in the absence of diversity jurisdiction. We affirm the district court's dismissal on different grounds.[4]

Plaintiffs allege their claim for malicious prosecution arose on October 13, 1987 when they were acquitted of felony charges in a local court. From the rambling and inarticulate complaint, we have gleaned that plaintiffs contend the defendant-appellees brought baseless charges without probable cause against the plaintiff police officers for reasons of personal animosity. In particular, they allege that defendant Collazo, a police officer who was

not a witness, talked in private to the Commonwealth District Court judge during the probable cause hearing for arrest.[5] The complaint, however, is mute regarding the contents of the conversation. The complaint further alleges that, after finding probable cause, the judge stated that she believed the plaintiff police officers were entrapped, but she had no choice but to determine probable cause.[6]

The district court, in giving brevis disposition to this matter, assumed that malicious prosecution was not actionable under Section 1983 in the absence of diversity jurisdiction. But many courts, including this court, have recognized that a plaintiff may have a cause of action for malicious prosecution under Section 1983. *See, e.g., White v. Frank,* 855 F.2d 956, 961 (2nd Cir.1988); *Strength v. Hubert,* 854 F.2d 421, 426 (11th Cir.1988); *Duncan v. Peck,* 844 F.2d 1261 (6th Cir.1988); *Usher v. City of Los Angeles,* 828 F.2d 556, 561–562 (9th Cir., 1987); *Bretz v. Kelman,* 773 F.2d 1026 (9th Cir.1985); *Losch v. Borough of Parkesburg, Pennsylvania,* 736 F.2d 903 (3rd Cir.1984); *Wheeler v. Cosden Oil and Chemical Company,* 734 F.2d 254 (5th Cir. 1984); *Singleton v. City of New York,* 632 F.2d 185 (2nd Cir.1980); *Landrigan v. City of Warwick,* 628 F.2d 736 (1st Cir.1980); *Inada v. Sullivan,* 523 F.2d 485, 487–488 (7th Cir.1975). Nevertheless, in this case we find that even under the most liberal reading of the complaint, plaintiffs have failed to establish that defendants' conduct was so egregious as to rise to the level of a constitutional violation cognizable under Section 1983.

It is difficult to precisely define the parameters of malicious prosecution under

---

**4.** The statute of limitations for the plaintiffs' alternative claim under Section 1983 claim for malicious prosecution, as opposed to their claim for wrongful dismissal, is not at issue in this case as the complaint was timely filed within one year after October, 1987 when they were exonerated of all criminal charges following a probable cause hearing.

**5.** Puerto Rico Crim.Proc. Rule 6(a), 34 L.P.R.A. App. II R. 6(a), provides for a determination of probable cause prior to the issuance of an arrest warrant.

**6.** We take no view as to the truth of these alleged facts. However for the purpose of reviewing a grant of a motion to dismiss, we must accept as true the allegations in the complaint and interpret all inferences of fact in favor of appellants. *See* 27 Fed.Proc.L.Ed., secs 62.465–62.466; *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *O'Brien v. DiGrazia,* 544 F.2d 543, 545 (1st Cir.1976).

Section 1983 because courts have included many different kinds of official conduct under the rubric of "malicious prosecution." All federal claims for malicious prosecution are borrowed from the common law tort actionable only under state law. Common law malicious prosecution imposes liability on a private person who institutes criminal proceedings against an innocent person without probable cause for an improper purpose.[7] The federal claim under Section 1983 for malicious prosecution differs from the state civil suit in that it requires that state officials acting "under color of law" institute the criminal proceedings against the plaintiff and thereby deprive him of rights secured under the Constitution. *See Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981); *Chiplin Enterprises, Inc. v. City of Lebanon,* 712 F.2d 1524 (1st Cir.1983).

The majority of courts require the federal plaintiff to prove the elements of malicious prosecution under state law, *see, e.g., Raysor v. Port Authority of New York and New Jersey,* 768 F.2d 34, 39 (2nd Cir. 1985), *cert. denied,* 475 U.S. 1027, 106 S.Ct. 1227, 89 L.Ed.2d 337 (1986); *Terket v. Lund,* 623 F.2d 29 (7th Cir.1980), but also hold that only when the misuse of the legal proceedings is so egregious as to subject the individual to a deprivation of a constitutional dimension does Section 1983 provide a remedy. *Coogan v. City of Wixom,* 820 F.2d 170, 174 (6th Cir.1987). *See also Karim–Panahi v. Los Angeles Police Department,* 839 F.2d 621 (9th Cir.1988) (citing *Usher,* 828 F.2d at 562 (claim of malicious

prosecution is cognizable under Section 1983 if prosecution is conducted with intent to deprive person of equal protection of the laws)); *Hand v. Gary,* 838 F.2d 1420 (5th Cir.1988) (state actors may be liable for damages for bad-faith prosecution in Section 1983 action where plaintiff proves constitutional violation); *Dunn v. Tennessee* 697 F.2d 121 (6th Cir.1982), *cert. den.,* 460 U.S. 1086, 103 S.Ct. 1778, 76 L.Ed.2d 349 (1983) (egregious misuse of legal proceedings must rise to level of a constitutional violation).

We agree with the majority rule that the defendant must subject the plaintiff to a deprivation of constitutional magnitude in order to state a claim under Section 1983. *Landrigan,* 628 F.2d at 745. *See also Earle v. Benoit,* 850 F.2d 836, 844 (1st Cir.1988); *McLaughlin v. Alban,* 775 F.2d 389 (D.C.Cir.1985). We have previously held in the civil context, malicious prosecution standing alone does not implicate federally protected rights. *Cloutier v. Epping,* 714 F.2d 1184 (1st Cir.1983).

■ In *Landrigan,* we left open the question of whether filing of a baseless charge and nothing more is actionable under Section 1983. *Landrigan,* 628 F.2d at 746. After canvasing the law in other circuits, we now hold that to state a claim under Section 1983, the complaint must assert that the malicious conduct was so egregious that it violated substantive or procedural due process rights under the Fourteenth Amendment.

---

7. Restatement, Second, Torts section 653 states: A private person who initiates or procures the institution of criminal proceedings against another who is not guilty of the offense charged is subject to liability for malicious prosecution if

(a) he initiates or procures the proceedings without probable cause and primarily for a purpose other than that of bringing an offender to justice, and

(b) the proceedings have terminated in favor of the accused.

The Supreme Court of Puerto Rico has fashioned the common law of malicious prosecution under Art. 1802 of the Puerto Rico Civil Code after the *Restatement Second* definition. A plaintiff must prove 1) the criminal action was

initiated and instigated by defendants; 2) the criminal action terminated in favor of plaintiffs; 3) defendants acted with malice; and 5) plaintiffs suffered damages. *See Ayala v. San Juan Racing Corp.,* 112 D.P.R. 804 (1982); *Parez v. Ruiz,* 19 P.R.R. 323 (1913).

In *Landrigan,* we distinguished between malicious prosecution where plaintiff must allege criminal proceedings were initiated against him without probable cause and for an improper purpose and were terminated in his favor and an "abuse of process" where the legal process is employed in a manner technically correct but for a wrongful and malicious purpose to attain an unjustifiable end. *Landrigan,* 628 F.2d at 745 n. 6.

#### a. *substantive due process violation*

■ For substantive due process purposes, the alleged malicious prosecution must be conscience-shocking. *See Hand v. Gary*, 838 F.2d at 1424; *Barnier v. Szentmiklosi*, 810 F.2d 594 (6th Cir.1987); *Johnson v. Barker*, 799 F.2d 1396, 1400 (9th Cir.1986). "Conscience-shocking" conduct will of course be determined on a case-by-case basis. "[W]hat is due process of law depends on circumstances. It varies with the subject-matter and necessities of the situation." *Moyer v. Peabody*, 212 U.S. 78, 84, 29 S.Ct. 235, 236, 53 L.Ed. 410 (1909) (Justice Holmes) In cases of a Section 1983 malicious prosecution claim, substantive due process violations have included: seven hours of detention and accompanying humiliation, ridicule and mental anguish, *Conway v. Village of Mount Kisco*, 750 F.2d 205 and 758 F.2d 46 (2nd Cir.1985), *cert. den.*, 479 U.S. 84, 107 S.Ct. 390, 93 L.Ed.2d 325 (1986); filing charges maliciously in an attempt to suppress plaintiff's First Amendment right to make comment concerning a public official's duties, *Losch*, 736 F.2d 903; fabricating charges, falsifying facts, destroying evidence, and strip searching plaintiff because of his race, *Karim–Panahi*, 839 F.2d 621; and falsifying police reports, contriving charges and detaining plaintiff in manacles for reasons of race, *Usher*, 828 at 562. Where plaintiff has not been physically abused, detained, prosecuted due to racial or political motivation or otherwise deprived of equal protection of the law, courts are reluctant to find "conscience-shocking" conduct that would implicate a constitutional violation. *See, e.g., Barnier*, 810 F.2d 594 (police officers' filing of an unwarranted assault and battery charge against plaintiff was not "conscience-shocking"); *Johnson v. Barker*, 799 F.2d at 1400 (where plaintiff was not physically abused or incarcerated, and conduct was not "brutal," baseless charges did not rise to the magnitude of substantive due process violation). We emphasize that misuse of the legal process alone will not be enough to sustain a claim. *Hand v. Gary*, 838 F.2d at 1424; *Whatley v. Philo*, 817 F.2d 19, 22 (5th Cir.1987) (plaintiff's claims that defendant filed charges solely to "vex and harass" him did not constitute constitutional tort).

#### b. *procedural due process violation*

■ For procedural due process purposes in a claim of malicious prosecution, the plaintiff usually must show the alleged conduct deprived him of liberty by a distortion and corruption of the processes of law, i.e., corruption of witnesses, falsification of evidence, or some other egregious conduct resulting in a denial of a fair trial. *Johnson v. Barker*, 799 F.2d at 1400. *See also Coogan*, 820 F.2d at 175; *Barnier*, 810 F.2d at 599–600. *See generally* Nahmod, *Civil Rights and Civil Liberties Litigation*, 2d Ed., sec. 3.10 (1986). In addition, the plaintiff must show there was no adequate state postdeprivation remedy available to rectify the harm. If state tort law furnishes an adequate remedy, the plaintiff does not have a Section 1983 cause of action merely because the defendant is a government official. *Friedman v. Village of Skokie*, 763 F.2d 236, 239 (7th Cir.1985). *See also Coogan*, 820 F.2d at 175 (state afforded opportunity for accused to contest probable cause at preliminary hearing and finding of probable cause foreclosed relitigation under Section 1983); *Barnier*, 810 F.2d at 600 (plaintiff did not show no adequate postdeprivation state remedy where defendant officers determined to be malicious in charging plaintiff).

#### c. *application*

■ In applying the above standards to a Section 1983 claim for malicious prosecution, we find that plaintiffs-appellants have shown neither "conscience-shocking" conduct nor met the requisites of a procedural due process claim.[8] We cannot find that

---

**8.** Because we cannot find any constitutional deprivation, we need not tarry over plaintiffs ancillary claim that defendants conspired to maliciously prosecute them. "This court has ruled that for a conspiracy to be actionable under section 1983 the plaintiff has to prove that 'there [has] been, besides the agreement, an actual deprivation of a right secured by the Constitution and laws." *Brennan v. Hendrigan*, 888 F.2d

plaintiffs were subjected to "conscience-shocking" conduct that "offend[s] those canons of decency and fairness which express the notions of justice of English-speaking peoples even toward those charged with the most heinous offenses." *Johnson v. Barker,* 799 F.2d at 1400 (quoting *Rochin v. California,* 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952)).[9] The plaintiffs did not allege any conduct that deprived them of a liberty interest. They were not detained, handcuffed, or incarcerated. They were not physically abused or charged for racial or political motivations. Indeed, after the probable cause hearing for arrest, the police officers were released on a $500 bail. Moreover, the charges against the officers were dismissed after the probable cause hearing for indictment, so the length of the prosecution was not constitutionally onerous.

We assume without deciding that plaintiffs' allegations of procedural due process violations may have been adequate to state a Section 1983 claim.[10] Plaintiffs have, however, failed to show that no adequate state remedy was available if those allegations were proved. *Parratt,* 451 U.S. at 537. Puerto Rico law affords a cause of action against the defendants for malicious prosecution.[11] *See* Art. 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. Sec. 5141; *Ayala v. Sons of Puerto Rico, Inc.,* 103 D.P.R. 778 (1975); *Jimenez v. Sanchez,* 76 P.R.R. 347 (1954); *Pares v. Ruiz,* 19 P.R.R. 323 (1913). Where state law affords an adequate remedy, plaintiffs may not also have a procedural due process claim for malicious prosecution under Section 1983. *Barnier,* 810 F.2d at 600.

Because we find no merit in the appellants' contentions, the judgment is *AFFIRMED.*

---

189 (1st Cir.1989) (quoting *Earle v. Benoit,* 850 F.2d 836, 844 (1st Cir.1988)).

**9.** Given the present case's venue, we are in doubt, as Justice Black was in his dissent in *Rochin,* as to "why we should consider only the notions of English-speaking peoples to determine what are immutable and fundamental principles of justice." *Rochin,* 342 U.S. at 176, 72 S.Ct. at 211.

**10.** In *Landrigan,* the court stated that the existence of a police report sitting in a drawer some-

where is not a constitutional deprivation without a showing that the report has been disseminated or used in some way. The court specifically noted that such use *may* constitute a constitutional violation. *Landrigan,* 628 F.2d at 744–745.

**11.** Moreover, if the Puerto Rico court had found probable cause to indict, plaintiff's would not have a section 1983 cause of action. *Terket,* 623 F.2d at 31; *Coogan,* 820 F.2d at 175; *Friedman,* 763 F.2d at 238.