January 20, 1993
 United States Court of Appeals
 For the First Circuit
 

No. 92-1656

 MANUEL LAFONT-RIVERA,

 Plaintiff, Appellant,

 v.

 JOSE SOLER-ZAPATA,
 RICARDO TORRES MUNOZ,
 ARMANDO TROCHE,

 Defendants, Appellees.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Carmen C. Cerezo, U.S. District Judge]
 

 

 Before

 Torruella and Stahl, Circuit Judges,
 
 and Skinner,* Senior District Judge.
 

 

Enrique J. Mendoza Mendez with whom Jose Enrique Mendoza Vidal
 
was on brief for appellant.

Vannessa Ramirez, Assistant Solicitor General, with whom Anabelle
 
Rodriguez, Solicitor General, Department of Justice, was on brief for
 
appellees.

 

 

 

*Of the District of Massachusetts, sitting by designation.

 STAHL, Circuit Judge. In this appeal, plaintiff
 

Dr. Manuel Lafont-Rivera challenges the district court's

dismissal of his 42 U.S.C. 1983 complaint as time-barred.

We affirm the judgment of the district court.

 I.
 

 BACKGROUND
 

 When reviewing the dismissal of a complaint, we

treat all allegations in the complaint as true and draw all

reasonable inferences in favor of plaintiff. See, e.g.,
 

Monahan v. Dorchester Counseling Ctr., Inc., 961 F.2d 987,
 

988 (1st Cir. 1992). Plaintiff, an optometrist, worked part

time for the Department of Health of the Commonwealth of

Puerto Rico ("DOH") from March 5, 1951, to November 30, 1971.

Sometime in 1984, plaintiff allegedly received a

"[C]ertificate of Service" (the "Certificate") verifying his

twenty-year term of employment with DOH. Plaintiff claims

that the Certificate operated as an official acknowledgment

that, as of 1982, the year in which he turned fifty-eight

years old, he became qualified to receive a pension.

 Receiving a Certificate is, however, only the

beginning of the pension application process in Puerto Rico.

Apparently, DOH pension applicants with Certificates next

must acquire from DOH a "Form OP-15" verifying that

applicant's employment has terminated. According to the

 -2-
 2

complaint, the Retirement Office does not process individual

pension applications without the Form OP-15. 

 After receiving his Certificate, plaintiff

attempted to secure a Form OP-15 from DOH. To that end,

sometime in 1984, plaintiff -- through his attorney --

requested DOH to issue him a Form OP-15. Apparently,

plaintiff's initial request went unheeded. 

 The complaint does not reflect further interaction

between the parties in 1984-1986. The complaint does state,

however, that on January 24, 1987, defendant Armando Troche,

Head of DOH's Personnel Office, communicated to plaintiff

that his case "was being referred" to the DOH Legal

Department. 

 Again, more than two years passed without further

communication between plaintiff and DOH. Then, on June 14,

1989, plaintiff reiterated his request that defendant Troche

issue the Form OP-15. On June 26, 1989, Troche wrote a

letter to plaintiff informing him that "nothing could be

done" as his case "had been referred to the Legal Department

six months before." 

 Sometime in 1990, plaintiff requested for a third

time that DOH issue the Form OP-15. Contemporaneously,

plaintiff also petitioned defendant Dr. Jose Soler Zapata,

the Secretary of Health of the Commonwealth of Puerto Rico to

 -3-
 3

issue the Form. Apparently, defendant Soler did not respond

to plaintiff's request.

 Sometime thereafter, plaintiff began extensive

negotiations over his employment status with officials in the

DOH Legal Department. After these negotiations, an official

in the Legal Department went to defendant Troche and

recommended that he fill out plaintiff's Form OP-15.

Defendant Troche ignored this recommendation and instead

referred plaintiff's case to the "Office of Central

Personnel." 

 After learning of this referral, plaintiff, on

February 21, 1991, filed "an appeal" with defendant Soler

again seeking his Form OP-15. Defendant Soler referred

plaintiff's case to defendant Ricardo Torres Munoz, the Head

of the DOH Legal Department. Defendant Munoz conferred with

defendant Troche and, in May of 1991, wrote a letter to the

Retirement Office certifying that plaintiff had worked with

DOH for twenty years. Without the requisite Form OP-15,

however, the Retirement Office would not process plaintiff's

application.

 During the month of June 1991, plaintiff made

numerous phone calls and personal visits to DOH requesting

the Form OP-15. The DOH again ignored plaintiff's requests.

In a letter dated July 8, 1991, plaintiff made yet another

 -4-
 4

request for the Form OP-15. Again, the DOH turned a deaf ear

to plaintiff's request.

 On August 2, 1991, plaintiff filed the instant

lawsuit alleging that defendants' refusal to provide the

Retirement Office with his Form OP-15 was, inter alia, a
 

violation of rights secured him under the Fourteenth

Amendment's Due Process and Equal Protection Clauses.

Plaintiff sued under 42 U.S.C. 1983 seeking both damages

and injunctive relief. In response, defendants filed a

motion to dismiss plaintiff's complaint arguing, inter alia,
 

that the complaint was barred by the applicable one-year

statute of limitations. Finding that plaintiff's cause of

action accrued more than a year before plaintiff filed suit,

the district court agreed and dismissed the complaint. For

the reasons outlined below, we affirm the district court's

ruling. 

 II.
 

 DISCUSSION
 

 The parties do not dispute the applicability of

Puerto Rico's one-year statute of limitations governing tort

actions. See Rivera-Muriente v. Agosto-Alicea, 959 F.2d 349,
 

353 (1st Cir. 1992); Torres v. Superintendent of Police, 893
 

F.2d 404, 406 (1st Cir. 1990). While state law supplies the

statute of limitations in a 1983 action, federal law

governs the accrual period. See, e.g., Rivera-Muriente, 959
 

 -5-
 5

F.2d at 353. Under federal law, a plaintiff's 1983 cause

of action accrues when s/he "knows, or has reason to know, of

the injury on which the action is based." Id. 
 

 In determining when plaintiff became aware (or

should have been aware) of his alleged injury, our first task

is to identify the injury of which he complains. Plaintiff's

ultimate complaint is that defendants' actions are depriving

him of his pension. However, as is apparent from the

complaint, defendants have not officially denied him the
 

pension. Rather, they allegedly are shuttling his Form OP-15

request from department to department within the DOH, thereby

preventing him from making formal application to the

Retirement Office. Therefore, it appears that it is

defendants' repeated failure to respond to plaintiff's
 

request that DOH fill out a Form OP-15 that serves as the

basis for plaintiff's claim. 

 Thus, for statute of limitations purposes, the

pivotal question becomes when plaintiff knew or should have

known that defendants were not going to respond to his Form

OP-15 request. The district court determined that plaintiff

became aware of his injury in 1984, the year he received the

Certificate indicating that he was qualified to receive a

pension. The court based this determination, in part, on the

fact that plaintiff knew as early as 1972 that DOH's failure

to "define his status" would deprive him of pension benefits

 -6-
 6

once he became eligible. The court therefore reasoned that,

in 1984, when plaintiff's initial request went unheeded, he

was (or should have been) on notice that his civil rights

were being violated. We disagree with the district court's

reasoning.

 In 1984, plaintiff was on notice that he was

qualified to make an application to the Retirement Office for

a pension. As a result, he made his initial request to DOH

to issue him the Form OP-15. DOH did not respond to his

request. Plaintiff may well have known at that point that if

DOH ultimately failed to "define his status," the Retirement

Office would not be able to process his pension application.

It is hardly clear, however, that, in 1984, plaintiff knew

(or should have known) that defendants would never officially

respond to plaintiff's Form OP-15 request.

 Plaintiff's initial request, however, went unheeded

for more than two years. In January 1987, when defendant

Troche finally responded to plaintiff's initial request, he

informed him that his case "was being referred to the Legal

Department[.]" Reading the complaint favorably to plaintiff,

we think it would not have been unreasonable for him to have

concluded -- at this point -- that, although extremely slow,

the bureaucratic process might eventually produce his Form

OP-15. 

 -7-
 7

 Another two years passed, however, as plaintiff's

request apparently languished in the Legal Department. As a

result, we think that when defendant Troche informed

plaintiff on June 26, 1989, that "nothing could be done" as

his case again had been "referred to the Legal Department[,]"

plaintiff should have been on notice that defendants did not

intend to act on his Form OP-15 request. Thus, any cause of

action plaintiff had against defendants accrued at that

point. 

 Accordingly, we hold that, on June 26, 1989, the

one-year statute of limitations began to run on plaintiff's 

1983 action.1 As plaintiff waited more than two years after

that date to file his complaint, his 1983 action was

untimely.2 Thus, while we disagree with the district

court's selection of an accrual date, we affirm its dismissal

of plaintiff's complaint. 

 Affirmed.
 

 

1. Plaintiff also pursues an alternative theory that his
lawsuit was in reality only against defendants Soler and
Munoz, whose unlawful actions, he contends, occurred within a
year of his filing of the complaint. For the reasons amply
articulated by the district court, see Lafont-Rivera v.
 
Soler-Zapata, No. 91-1932CCC, slip op. at 5-6 (D.P.R. April
 
29, 1992), we find this argument meritless.

2. Plaintiff attempts to establish timeliness by asserting
that defendants have committed a "continuing violation."
Plaintiff, however, failed to articulate this theory below.
As such he cannot raise it for the first time on appeal.
See, e.g., Clement v. United States, No. 91-1839, slip op. at
 
20 (1st Cir. November 25, 1992). 

 -8-
 8