Angel SIERRA–SERPA,
Plaintiff, Appellant,

v.

Manuel MARTINEZ, et al.,
Defendants, Appellees.

No. 91–2062.

United States Court of Appeals,
First Circuit.

Heard May 4, 1993.

Decided June 15, 1993.

Carlos V. Garcia Gutierez with whom Guillermo J. Ramos Luina was on brief, for appellant.

Carlos Lugo Fiol, Asst. Sol. Gen., Dept. of Justice, with whom Reina Colon De Rodriguez, Acting Sol. Gen., was on brief, for appellees.

Before SELYA, Circuit Judge, COFFIN and CAMPBELL, Senior Circuit Judges.

PER CURIAM.

The Supreme Court of Puerto Rico issued its opinion and a judgment on February 5, 1993, *Sierra–Serpa v. Martinez,* No. CT–92–344 (P.R. Feb. 5, 1993), responding to the question certified by this court on May 27, 1992. *See Sierra–Serpa v. Martinez,* 966 F.2d 1 (1st Cir.1992).

The sole issue in this appeal is whether plaintiff's § 1983 action was barred by Puerto Rico's one year statute of limitations for tort actions. The district court held that it was barred and dismissed the action. On appeal, this court found that the issue turned on whether Section 3 of Article 40 of the Puerto Rico Code of Civil Procedure, 32 L.P.R.A. § 254, was implicitly repealed when Article 20 of the Penal Code of 1937 was repealed in 1974. If Article 40(3) was implicitly repealed, then plaintiff's action was barred by the statute of limitations and was properly dismissed. The Puerto Rico Supreme Court stated in its opinion that Article 40(3) *was* implicitly repealed, responding in the negative to our question whether, in essence, Article 40(3) excluded from the applicable limitations period the time during which plaintiff was imprisoned.

In light of the opinion and judgment of the Supreme Court of Puerto Rico, we hold that the district court's dismissal of appellant's complaint as time barred is affirmed.

*So ordered.*