USCA1 Opinion

 

 August 19, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-1353 VICTOR MANUEL SOSA, Plaintiff, Appellant, v. RAFAEL HERNANDEZ-COLON, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jaime Pieras, Jr., U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Selya and Cyr, Circuit Judges. ______________ ____________________ Victor Manuel Sosa on brief pro se. __________________ John F. Nevares and Saldana, Rey & Alvarado on brief for _________________ __________________________ appellee, Rafael Hernandez-Colon. Anabelle Rodriguez, Solicitor General, and Vanessa Ramirez, ___________________ _________________ Assistant Solicitor General, Department of Justice, on brief for _____________________________ appellees, Mercedes Otero-Ramos, Hector Rivera-Cruz, Carlos Lopez- Feliciano, Jorge Collazo-Torres, Ismael Betancourt-Lebron, Yamila Andujar, Israel Crespo-Nieves, Julia Soto-Diaz, Gerardo Bloise-Nunez, and Miguel Salas-Segundo. ____________________ ____________________ Per Curiam. This is an appeal from the dismissal __________ of an action based upon 42 U.S.C. 1983 filed by appellant Victor Manuel Sosa in the United States District Court for the District of Puerto Rico. BACKGROUND __________ Appellant filed a complaint in the district court on February 22, 1990. The complaint concerned a criminal investigation initiated by the San Juan District Attorney's Office which resulted in an indictment charging appellant with kidnapping and weapons violations. Appellant ultimately was acquitted of all charges and released from detention on February 22, 1989. The complaint asserts four claims against various defendants and seeks in excess of forty million dollars in damages. A description of each claim as it relates to specific defendants follows: 1. Appellant asserts that the 1984 investigation leading up to the indictment and his arrest was indifferently conducted. Specifically, he avers that Lino Olivo-Arroyo, the police officer who originally interviewed the victim, knew that the victim was lying and that the unnamed assistant district attorney who personally conducted this investigation knew that the underlying facts were in dispute. Appellant also alleges that the District Attorney, Israel Crespo- Nieves, and the Superintendent of Police, Jorge Collazo- Torres,failedtoadequatelytrain andsupervisetheirsubordinates. 2. Appellant, who never appeared for trial, was apparently apprehended in 1988 in the Dominican Republic and returned to Puerto Rico. He claims that Gerardo Bloise- Nunez, Miguel A. Salas-Segundo (Puerto Rico police agents) and Juri Villanova (an immigration officer of the Dominican Republic) aided and abetted this "kidnapping" to avoid using the proper extradition process. Appellant avers that Rafael Hernandez-Colon, the then governor of Puerto Rico, was liable for the actions of Yamila Andujar-Lopez, the attorney in charge of extraditions for the Puerto Rico Department of Justice, Carlos Lopez-Feliciano, the then Superintendent of Police, and Hector Rivera-Cruz, the Secretary of Justice of the Commonwealth of Puerto Rico. 3. During his pretrial detention, appellant charges that he was never provided with a shirt which, according to him, caused delays in visiting with relatives and in seeing prison doctors. Next, appellant complains that the prison library was inadequate and that he was denied access to the courts when he wanted to file motions. Finally, appellant relates that, just before trial, he was transferred to maximum custody without the required hearing. Julia Soto is averred to be the individual within the Department of Corrections liable for these occurrences. The Director of the Department, Mercedes Otero-Ramos, is charged with failing to supervise Ms. Soto. -3- 4. After appellant was acquitted on February 22, 1989, he claims that Ismael Betancourt, the Superintendent of Police, failed to return to him his passport and other personal documents thereby restricting him from traveling to his family and job in the Dominican Republic. Appellant also complains that his criminal record was never "cleared" to reflect his acquittal and that mugshots and fingerprints were never returned to him. The defendants filed motions to dismiss based on the grounds of statute of limitations, prosecutorial immunity and failure to state a claim based on the allegations of supervisory liability. Appellant opposed these motions on only one ground -- that a letter received on May 30, 1989 by the Secretary of Justice, Hector Rivera-Cruz, tolled the running of the statute of limitations as to all defendants. Because the parties had submitted documents outside of the pleadings, the court treated the motions as ones for summary judgment. Finding that no material issues of fact existed, it dismissed the action as time-barred as to all defendants except Rivera-Cruz. It then dismissed appellant's claims against Rivera-Cruz because appellant was seeking to hold Rivera-Cruz liable only on the basis of respondeat superior. ___________________ DISCUSSION __________ We review a summary judgment de novo to establish ________ whether any material fact issues exist and whether the -4- defendants are entitled to judgment as a matter of law. Manarite v. City of Springfield, 957 F.2d 953, 955 (1st ________ ____________________ Cir.), cert. denied, 113 S. Ct. 113 (1992). In so doing, we ____________ view the pleadings in the light most favorable to appellant, indulging all reasonable inferences in his favor. See id. ___ ___ Upon a careful examination of the record and the parties' briefs, we affirm the judgment of the district court that the first claim insofar as it concerns appellant's arrest and the second claim concerning the method of his removal from the Dominican Republic are time-barred. The court correctly applied the one-year prescription for tort claims contained in Article 1868(2) of the Civil Code of Puerto Rico, 31 L.P.R.A. 5298(2). See Rodriguez-Narvaez v. ___ _________________ Nazario, 895 F.2d 38, 42 (1st Cir. 1990). We also agree, for _______ the reasons stated in the Opinion and Order, that the letter sent to Rivera-Cruz, the Secretary of Justice, did not toll the limitations period as to any of the other defendants except Rivera-Cruz.1 See id. at 44. Finally, there is no ___ ___ issue of material fact that the complaint contained only general allegations of supervisory liability on the part of ____________________ 1. Appellant's other tolling argument is without merit. He attempts to invoke Article 40(3) of the Puerto Rico Code of Civil Procedure, 32 L.P.R.A. 254, which provided that time spent in prison is excluded from the limitations period. In response to a question certified by this court to the Supreme Court of Puerto Rico, it held that Article 40(3) had been implicitly repealed in 1974. See Sierra-Serpa v. Martinez, ___ ____________ ________ No. 91-2062, slip op. at 2 (1st Cir. June 15, 1993) (per curiam). -5- Rivera-Cruz. As the district court held, 1983 liability may not be based upon the theory of respondeat superior. See ___________________ ___ Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 562 (1st Cir. ___________________ _________ 1989). In relation to the third (treatment of appellant during incarceration) and fourth (failure to return appellant's property and clear the state court record) causes of action, the district court's conclusion that they, too, are time-barred is in error as a matter of law. The court held that these claims accrued "no later" than February 22, 1989 -- the last date appellant was incarcerated. Relying on Ramirez Morales v. Rosa Viera, 632 F. Supp. 491, 492 (D.P.R. ________________ __________ 1986), aff'd on other grounds, 815 F.2d 2 (1st Cir. 1987), ______________________ the court then held that the day of the "triggering event" -- here, appellant's release from prison -- counts as the first day for determining the limitations period. Thus, the court concluded, the one-year period ended on February 21, 1990 and appellant's complaint, unless tolled, was one day late. We have held, however, that in a 1983 action, the first day is excluded from the limitations period: [U]nder the controlling Puerto Rican case law, the one year prescriptive period expires on the anniversary of the accrual of the cause of action, not on the day before. The cases hold, contrary to the district court, that the first day does not count towards prescription. See Escalera v. Andino, 76 PRR ___ ________ ______ -6- 251 (1954). Luciano v. Ortiz-Alvarez, No. 91-1802 (November 15, 1991). _______ _____________ Thus, because the one-year period began to run on February 23, 1989, the complaint is timely as to the third and fourth claims. Finally, the district court did not address appellant's contention that the events described in his first two claims amounted to malicious prosecution. This claim, although not made in the complaint, surfaced in appellant's response to the district court's order of dismissal and is raised on appeal. Such a claim is cognizable under 1983. Morales v. Ramirez, 906 F.2d 784, 787 (1st Cir. 1990); Torres _______ _______ ______ v. Superintendent of Police, 893 F.2d 404, 408 (1st Cir. _________________________ 1990). Because acquittal is one of the elements required to state a claim of malicious prosecution, the cause of action could not accrue until acquittal had occurred -- in this case, February 22, 1989. Thus, for the reasons stated above, this claim also is not time-barred. Based on the foregoing, we affirm the judgment of ______ the district court dismissing appellant's first and second causes of action, except as they relate to a claim for malicious prosecution. We reverse the judgment of the _______ district court dismissing the third and fourth causes of action. On remand, the court should consider whether appellant has met the requirements for a 1983 claim of -7- malicious prosecution, see Morales, 906 F.2d at 787-90; ___ _______ Torres, 893 F.2d at 408-11. The court also should consider ______ appellees' defenses of prosecutorial and qualified immunity. See generally Malachowski v. City of Keene, 787 F.2d 704 (1st ___ _________ ___________ _____________ Cir.) (per curiam), cert. denied, 479 U.S. 828 (1986). _____________ Finally, the question whether appellant fails to state a claim in relation to certain appellees because he alleges only supervisory liability may dispose of some of the remaining claims against these appellees. See generally ___ _________ Gutierrez-Rodriguez, 882 F.2d at 562. ___________________ Affirmed, in part, reversed, in part, and remanded ________ ________ ________ for further proceedings not inconsistent with this opinion. As for motions currently pending before this court, we take the following action. Appellant's request for sanctions under Fed. R. Civ. P. 11 and his motion to quash certification are denied. His requests that we order the ______ district court to allow him to amend his complaint and conduct further discovery are denied; such motions must be ______ addressed to the district court. Finally, appellant has requested an in banc opinion. Such a request is governed by Fed. R. App. 35(c) which provides that a request that "an appeal be heard initially in banc . . . must be made by the date on which the appellee's brief is filed." The last brief to be filed by an appellee was on November 16, 1992, well before the filing of -8- the motion at hand. We therefore deny the request without ____ prejudice to refiling it in the form of a petition for rehearing in banc. -9-