USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-2264 JESUS M. P REZ-RUIZ, ET AL., Plaintiffs, Appellants, v. JOS CRESPO-GUILL N, ET AL., Defendants, Appellees. ____________________ No. 93-2267 ZOILO LOPEZ-DE JESUS, Plaintiff, Appellant, v. JOS CRESPO-GUILL N, ET AL., Defendants, Appellees. ____________________ APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Gilberto Gierbolini, U.S. District Judge] ___________________ ____________________ Torruella, Circuit Judge, _____________ Campbell, Senior Circuit Judge, ____________________ and Cyr, Circuit Judge. _____________ ____________________ Enrique Bray, with whom Harvey B. Nachman, M. Georgina Carrion- ____________ _________________ _____________________ Christiansen, and Nachman, Santiago, Bray, Guillemard & Carrion were ____________ ______________________________________________ on brief for appellants. Jacqueline D. Novas, Special Assistant to Attorney General, with ___________________ whom Pedro A. Delgado Hernandez, Solicitor General, was on brief for ___________________________ appellees. ____________________ June 2, 1994 ____________________ 2 CYR, Circuit Judge. Appellants Perez and Lopez were CYR, Circuit Judge. ______________ arrested and detained in connection with separate incidents on July 31, 1990, in Santurce, Puerto Rico, and charged with selling cocaine. Both were released on bail after being detained for less than twenty-four hours. Perez was acquitted in August 1991 and the Lopez charges were dismissed "for lack of evidence" in March 1992. On June 24, 1992, plaintiffs-appellants brought virtu- ally identical civil rights actions under 42 U.S.C. 1983, with pendent commonwealth law claims, essentially alleging that the cocaine charges were trumped up. Defendants-appellees are various law enforcement officers and officials of the Common- wealth of Puerto Rico allegedly involved in arresting and prose- cuting appellants. The complaint asserts claims of false arrest, false imprisonment, and malicious prosecution. Appellants further claim that the alleged civil rights infractions were elements of a larger conspiracy against appellants and other businessmen.1 ____________________ 1Appellants urge that we treat the alleged conspiracy as a "continuing violation." We need not address this contention. In view of our conclusion that appellants failed to plead an action- able claim for malicious prosecution, their time-barred claims for false arrest and false imprisonment in 1990 cannot be saved by any subsequent termination of their invalid malicious prosecu- tion claims. See Mack v. Great American Atlantic & Pacific Tea ___ ____ ______________________________________ Co., 871 F.2d 179, 183 (1st Cir. 1989) ("In short, [continuing] ___ violation or no, plaintiff retained the burden of demonstrating that some [violation] transpired within the appropriate time ____ frame."). 3 The Lopez and Perez actions were assigned to different district judges. Defendants-appellees filed essentially identi- cal motions to dismiss on the ground that the section 1983 claims were time-barred under the applicable one-year limitation bor- rowed from commonwealth law. See Lafont-Rivera v. Soler-Zapata, ___ _____________ ____________ 984 F.2d 1, 3 (1st Cir. 1993). After the district court denied the motion to dismiss the Lopez action, the two cases were consolidated under Fed. R. Civ. P. 42, and docketed to Judge Gierbolini who eventually dismissed the consolidated action on the grounds that the false imprisonment and false arrest claims were time-barred and the complaint failed to state an actionable section 1983 claim for malicious prosecution, see Torres v. ___ ______ Superintendent of Police, 893 F.2d 404, 409 (1st Cir. 1990) (only ________________________ "egregious" misconduct implicates 1983 remedy; "malicious prosecution standing alone does not implicate federally protected rights"). Appellants first challenge the dismissal order on the ground that the earlier district court ruling denying the motion to dismiss in the Lopez action became the "law of the case" in the consolidated action. Appellants misapprehend the "law of the case" doctrine. Interlocutory orders, including denials of motions to dismiss, remain open to trial court reconsideration, and do not constitute the law of the case. Union Mut. Life Ins. ____________________ Co. v. Chrysler Corp., 793 F.2d 1, 15 (1st Cir. 1986) (citing 1B ___ ______________ James W. Moore et al., Moore's Federal Practice 0.404[4.1], at ________________________ 4 124 n.4 ("[U]ntil entry of judgment, [interlocutory orders] remain subject to change at any time. The doctrine of law of the ___ ________ __ ___ __ ___ case does not limit the power of the court in this respect.") ____ ____ ___ _____ ___ _____ __ ___ _____ __ ____ _______ (emphasis added) (2d ed. 1993)); see also Commerce Oil Refining ___ ____ _____________________ Corp. v. Miner, 303 F.2d 125, 128 (1st Cir. 1962) ("a ruling _____ _____ denying a motion to dismiss is not the law of the case, and is not final even in the district court"). Second, although the law of the case doctrine implements an important judicial policy against reconsidering settled matters, it "is neither an absolute bar to reconsideration nor a limitation on a federal court's power." United States v. Rivera-Martinez, 931 F.2d 148, 150-51 ______________ _______________ (1st Cir.), cert. denied, 112 S. Ct. 184 (1991). _____ ______ Appellants also challenge the merits of the dismissal order. We review Rule 12(b)(6) dismissals under the rubric that all reasonable inferences from properly pleaded facts are to be drawn in appellants' favor. The Dartmouth Review v. Dartmouth _____________________ _________ College, 889 F.2d 13, 16 (1st Cir. 1989). _______ The district court concluded that the malicious prose- cution claim, whether construed as asserting a substantive or a procedural due process violation, was not actionable under section 1983. Torres, 893 F.2d at 409. ("[T]o state a claim ______ under section 1983, the complaint must assert that the malicious conduct was so egregious that it violated substantive or proce- dural due process rights under the Fourteenth Amendment.") An actionable section 1983 malicious prosecution claim based on a 5 substantive due process deprivation must allege "conscience- shocking" conduct by the defendants. Id. at 410 (citations ___ omitted). A procedural due process claim is not actionable unless, inter alia, no adequate "post-deprivation remedy" is _____ ____ available under state law. Id. ___ Neither their appellate brief nor their complaints identify the due process theory undergirding appellants' section 1983 malicious prosecution claim. Nevertheless, the district court's analysis and application of Torres, which stated the ______ controlling law of this circuit at the time this case was decid- ed, seems entirely correct. Since then, moreover, appellants' position has become even less tenable in light of the Supreme Court's decision in Albright v. Oliver, 114 S. Ct. 807 (1994). ________ ______ Albright would appear virtually to foreclose reliance on substan- ________ tive due process as the basis for a viable malicious prosecution claim under section 1983 superseding even Torres' very limited ______ tolerance of reliance on substantive due process in this area. Four Justices concluded that a section 1983 claim alleging malicious prosecution cannot be predicated on "open-ended" conceptions of substantive due process. See id. at 810-19 ___ ___ (Opinion of Rehnquist, C.J., joined by O'Connor, Scalia, and Ginsburg, JJ.).2 Moreover, two Justices, in a concurring opin- ____________________ 2The Albright plurality summarized its position at the end ________ of footnote 4, 114 S. Ct. 811, as follows: 6 ion, found that the availability of an adequate state remedy precluded reliance on section 1983. See id. at 817-19. (Opinion ___ ___ of Kennedy, J., joined by Thomas, J.). Justice Souter, in a separate concurrence, concluded that Albright had demonstrated no distinct injury from the alleged malicious prosecution, and that his custody-based claims were better addressed under the Fourth Amendment. See id. at 819-22 (Opinion of Souter, J.). ___ ___ Lastly, the availability of an adequate remedy for malicious prosecution under commonwealth law, see P. R. Laws Ann. ___ tit. 31, 5141 (1991), is fatal to appellants' procedural due process claim. Smith v. Massachusetts Dep't of Correction, 936 _____ __________________________________ F.2d 1390, 1402 (1st Cir. 1991); see also Albright v. Oliver, 975 ___ ____ ________ ______ F.2d 343, 347 (7th Cir. 1992) ("The multiplication of remedies for identical wrongs, while gratifying for plaintiffs and their lawyers, is not always in the best interest of the legal system or the nation."), aff'd, 114 S. Ct. 807 (1994). _____ Affirmed. Affirmed. ________ ____________________ In view of our disposition of this case, it is evident that substantive due process may not furnish the constitutional peg on which to hang such a "tort." 7