Lydia **FELIX-de-SANTANA, Plaintiff,**

v.

Jose E. **VELEZ, et al., Defendants.**

Civ. No. 89–1090(SEC).

United States District Court,
D. Puerto Rico.

June 15, 1995.

Harvey B. Nachman, Nachman, Santiago, Bray, Guillemard & Carrión, Santurce, PR, for plaintiff.

Harry R. Nadal–Arcelay, Cancio, Nadal, Rivera & Díaz, San Juan, PR, for defendants.

## OPINION AND ORDER

CASELLAS, District Judge.

■ Plaintiff Lydia Félix-de-Santana has brought suit against defendants José Eligio Vélez, President of the Teachers Association of Puerto Rico, and Elba Zayas, his assistant, pursuant to 42 U.S.C. 1983 and 1985, to recover damages suffered as a result of an alleged malicious prosecution they promulgated against plaintiff. Plaintiff had also brought a RICO action against defendants, which was previously dismissed by the Court.

Before the Court is codefendant José Eligio Vélez's one and a half year old motion to dismiss **(Docket No. 84)** based on res judicata, basically alleging plaintiff is precluded from pursuing her claims in federal court because in an earlier state court action based on substantially the same facts and decided against her on the merits, she failed to bring up these claims. Plaintiff failed to oppose the motion. However, Judge Gierbolini referred the matter to Magistrate Judge Justo Arenas for Report and Recommendation, which he rendered on April 24, 1994, recommending that the Motion to Dismiss be denied **(Docket No. 96)**. In this case, codefendant filed a timely opposition to the magistrate's report **(Docket No. 97)**, which was then countered by plaintiff's brief in support of the magistrate's recommendation **(Docket No. 100)**. In addition, both parties then filed corresponding motions in reply and surreply **(Docket Nos. 103 and 104)**.

■ However, upon close perscrutation of the record, the Court finds recent federal case law which renders plaintiff's sole surviving cause of action against defendants unactionable. The primary roadblock to plaintiff's case can be found in *Albright v. Oliver*, — U.S. ——, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994), where the United States Supreme Court held that a section 1983 claim alleging malicious prosecution cannot be predicated on substantive due process considerations. In the wake of *Albright*, the Court of Appeals for the First Circuit has held that the Supreme Court's decision has "virtually . . . foreclose[d] reliance on substantive due process as the basis for a viable malicious prosecution claim under section 1983." *Pérez–Ruiz v. Crespo–Guillen*, 25 F.3d 40, 42 (1st Cir.1994). Prior First Circuit decisions had already limited the availability of section 1983 remedies only to plaintiffs whose complaints asserted that "the malicious conduct was so egregious that it violated substantive or procedural due process rights under the Fourteenth Amendment." *Torres v. Superintendent of Police of Puerto Rico*, 893 F.2d 404 (1st Cir.1990). Under the *Torres* standard, an actionable section 1983 malicious prosecution claim based on substantive due process must have alleged "conscience shocking" conduct by the defendants. Id. at 410. Since the Supreme Court's *Albright* decision, this standard is no longer applicable, as a malicious prosecution claim based on substantive due process is no longer actionable under section 1983; however, the *Torres* standard for procedural due process claims is still operable, to wit: a procedural due process claim is not actionable unless, among other things, no adequate post deprivation remedy is available under state law. *Torres*, 893 F.2d at 410; *Pérez–Ruiz*, 25 F.3d at 42.

While plaintiff's complaint does not identify the due process theory supporting her section 1983 malicious prosecution claim, this omission is of little consequence to the outcome of the case, for it has no bearing on the ultimate resolution of these issues: If plaintiff's malicious prosecution claim under section 1983 is based on substantive due process grounds, then according to *Albright* it fails to state a valid constitutional claim. If, on the other hand, the claim is based on procedural grounds, the availability of an adequate remedy for malicious prosecution under Puerto Rico law is anathema to plaintiff's case. See 31 L.P.R.A. 5141; *Pérez–Ruiz*, 25 F.3d at 43 (citing *Smith v. Mass. Dept. Of Correction*, 936 F.2d 1390, 1402 (1st Cir.1991)). In either

case the result is the same: plaintiff's complaint should be dismissed for failure to state a valid constitutional claim under 42 U.S.C. 1983.

We need go no further. In view of the foregoing, the Court hereby **dismisses** sua sponte plaintiff's 1983 malicious prosecution claims. Judgment shall be entered accordingly.

**SO ORDERED.**