72 F.3d 121
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Bernard M. BANE, Plaintiff, Appellant,
v.
REGISTRY OF MOTOR VEHICLES, Defendant, Appellee.
 No. 95-1701.
 United States Court of Appeals, First Circuit.
 Dec. 11, 1995.
 
 Bernard M. Bane on brief pro se.
 Before SELYA, CYR and BOUDIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 The district court dismissed plaintiff's complaint as frivolous under 28 U.S.C. Sec. 1915(d), after informing plaintiff that his complaint was deficient and giving him an opportunity to supply applicable legal authority to support why his action should proceed. We affirm the dismissal.
 
 
 2
 Plaintiff has failed to show a deprivation of any federal or constitutional right, an essential element of a Sec. 1983 cause of action. None of plaintiff's filings allege facts indicating that Massachusetts fails to provide a constitutionally adequate remedy to redress the purported due process deprivation, here, the non-renewals of plaintiff's license to operate and automobile registration. Such an allegation is critical to a procedural due process claim, and its omission warrants dismissal of that claim. Rumford Pharmacy v. City of East Providence, 970 F.2d 996, 999 (1st Cir.1992).
 
 
 3
 Mass. Gen. L. ch. 90, Sec. 20A 1/2, clearly provides predeprivation safeguards to avert erroneous non-renewals. It is the issuance of parking tickets that triggers a potential non-renewal. Aside from the unelaborated and conclusory assertion that Sec. 20A 1/2 is unconstitutional, plaintiff failed completely to indicate in what way those statutory safeguards are inadequate or what additional process is required to challenge the ticketing in the first instance. Given the express provisions of ch. 20A 1/2, adequate predeprivation process was available. See Lowe v. Scott, 959 F.2d 323, 344 (1st Cir.1992).
 
 
 4
 Further, Massachusetts appears to provide adequate postdeprivation tort remedies. Smith v. Massachusetts Dep't of Correction, 936 F.2d 1390, 1402 (1st Cir.1991). Plaintiff has failed to allege that a state-law tort remedy could not adequately cure the alleged wrong. Without facts showing the inadequacy of the Massachusetts predeprivation and postdeprivation remedies, plaintiff cannot state a Sec. 1983 procedural due process claim.[1] Rumford Pharmacy, 970 F.2d at 1000; see also Campo v. New York City Employee's Retirement System, 843 F.2d 96, 101-02 (2d Cir.), cert. denied, 488 U.S. 889 (1988) (plaintiffs cannot manufacture a Sec. 1983 claim by pointing to allegedly defective agency procedure while ignoring other state process that serves to redress administrative error). Because plaintiff has failed to plead an actionable claim of deprivation of due process, his ancillary Sec. 1985 conspiracy claim necessarily fails as well. Rumford Pharmacy, 970 F.2d at 1000 n. 7; Torres v. Superintendent of Police, 893 F.2d 404, 410 n. 8 (1st Cir.1990).[2]
 
 
 5
 In short, despite an opportunity to supply additional substance to the due process claim, see Purvis v. Ponte, 929 F.2d 822, 826 (1st Cir.1991), the complaint lacked sufficient allegations that constitutionally adequate state law remedies were not available, and was properly dismissed.
 
 
 6
 Affirmed.
 
 
 
 [1]
 The conduct here involved is hardly "conscience shocking", should plaintiff be attempting to assert a substantive due process claim. See, Senra v. Cunningham, 9 F.3d 168, 173 (1st Cir.1993)
 
 
 [2]
 To the extent that plaintiff's conspiracy theory attempts to rely on grounds other than due process, such as equal protection or the First Amendment, plaintiff's speculative and improbable conspiracy claim--that he has been singled out by defendants because of his previous litigation or political views--fails to identify facts that could support the kind of racial or class-based animus required to obtain Sec. 1985(3) relief, and is plainly without merit. Griffin v. Breckenridge, 403 U.S. 88, 102 (1971); see also Rumford Pharmacy, 970 F.2d at 1000 n. 9