[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals

## For the First Circuit

No. 01-2009

FRANCISCO GARCIA-AROMI,

Plaintiff, Appellant,

v.

JOHN DOE 00CV2305; PUERTO RICO POLICE DEPARTMENT;
CIC VEGA BAJA DIVISION,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Perez-Gimenez, U.S. District Judge]

Before

Boudin, Chief Judge,
Stahl, Senior Circuit Judge,
and Lynch, Circuit Judge.

Francisco Garcia-Aromi on brief pro se.

**June 6, 2002**

**Per Curiam**.    Francisco Garcia Aromi appeals from the district court's dismissal of his civil rights action, alleging deprivation of his Fifth and Fourteenth Amendment rights to due process, pursuant to 42 U.S.C. § 1983.    The district court determined that the complaint was barred by the statute of limitations.    Upon review, we conclude that the complaint was untimely filed, for essentially the reasons stated in the district court's order.    We add that the statute of limitations was not subject to tolling for the reasons advanced by Garcia-Aromi.

Garcia-Aromi's assertion that the statute of limitations is tolled until he is released from prison is incorrect.    While the accrual period for a § 1983 action is governed by federal law, tolling is governed by state law.    Torres v. Superintendent of the Police of Puerto Rico, 893 F.2d 404, 407 (1st Cir. 1990).    As we observed in Sierra-Serpa v. Martinez, 995 F.2d 325 (1st Cir. 1993), following certification of the question to the Supreme Court of Puerto Rico, the legislature of Puerto Rico implicitly repealed the provision of the code of civil procedure that had excluded time spent in prison from a limitations period.

Garcia-Aromi also argues, for the first time on appeal, that the statute of limitations should be equitably tolled.    "No precept is more firmly settled in this circuit than that theories not squarely raised and seasonably propounded before the trial court cannot rewardingly be

advanced on appeal." <u>Lawton v. State Mut. Life Assurance Co.</u>, 101 F.3d 218, 222 (1st Cir. 1996).  Thus, where a plaintiff fails to present arguments to the district court, we have refused to consider those arguments for the first time on appeal.  <u>See, e.g.</u>, <u>Landrau-Romero v. Banco Popular De Puerto Rico</u>, 212 F.3d 607, 612 (1st Cir. 2000) (refusing to consider plaintiff's argument that equitable tolling saved his employment discrimination claim when that argument was not made to the district court).  By failing to present to the district court his argument that equitable tolling applied to his case, Aromi waived the issue.

The district court's dismissal of the complaint is <u>affirmed.</u>