Heriberto AYALA–MARTÍNEZ,
Plaintiff, Appellant,

v.

Humberto ANGLERÓ, et al.,
Defendants, Appellees.

No. 92–1256.

United States Court of Appeals,
First Circuit.

Heard Sept. 15, 1992.

Decided Dec. 23, 1992.

Federico Lora–López for plaintiff, appellant.

Anabelle Rodríguez, Sol. Gen., with whom Reina Colón de Rodríguez, Deputy Sol. Gen. and Carlos Lugo–Fiol, Asst. Sol. Gen., were on brief, for defendant, appellee Wadalberto Matos–Burgos.

Before TORRUELLA, Circuit Judge, CAMPBELL, Senior Circuit Judge, and BRODY,* District Judge.

TORRUELLA, Circuit Judge.

Appellant Heriberto Ayala Martínez ("Ayala") appeals from a summary judgment dismissing his lawsuit. In his complaint, Ayala alleged that Police Officer Wadalberto Matos Burgos ("Matos") violated his constitutional rights under the Due Process Clause of the Fifth and Fourteenth Amendments and sought damages under 42 U.S.C. § 1983 ("§ 1983"). We affirm the summary judgment on the malicious prosecution claim and remand the rest of the case for further proceedings in the district court.

BACKGROUND

On June 30, 1989, at approximately 11:00 p.m., Matos stopped Ayala for driving through a red light, and gave him a sobriety test. Matos contends that this test revealed that Ayala had been drinking alcohol.

After this test, Matos took Ayala to the police station, where Ayala alleges that, in the presence of Matos, Sergeant Angleró and several other police officers battered him. Ayala has since won judgment

* Of the District of Maine, sitting by designation.

against Sergeant Angleró for denying Ayala's civil rights in violation of § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. It is unclear from the record whether Ayala accused Matos of participating in the beating. Matos contends that after the altercation, Ayala refused to submit to a chemical alcohol test.

Matos filed criminal charges against Ayala for obstruction of justice, aggravated assault, driving under the influence of alcohol, and failing to submit to a chemical alcohol test. The magistrate found that Matos had probable cause to arrest Ayala for failure to submit to a chemical alcohol test and driving while under the influence of alcohol, but no probable cause with respect to obstruction of justice and aggravated assault. At trial, Ayala was found innocent on the failure to submit and driving under the influence charges.

Ayala initially sued both Matos and Sergeant Angleró for malicious prosecution. He then moved to amend his complaint. His amended complaint added to his initial complaint charges of conspiracy, false arrest and excessive use of force.

We cannot determine from the district court's opinion whether it granted or denied Ayala's amended complaint. In its opinion, the court granted summary judgment to Matos and at the same time said that it granted Ayala's motion to amend his complaint, erroneously commenting that the amendment's only addition to the complaint consisted of adding the name of Sergeant Angleró's wife. Additionally, in granting summary judgment, it discussed only the malicious prosecution count without mentioning the three additional counts that the amended complaint added.

We affirm the district court's summary judgment with respect to the malicious prosecution claim, and remand the rest of the case to the district court for a clarification of whether it granted the amended complaint, and for a ruling on the three additional claims set forth in Ayala's amended complaint in the event that it did.

## SUMMARY JUDGMENT

A moving party is entitled to summary judgment if there is no genuine issue of material fact, and that party is entitled to judgment as a matter of law. *Griggs–Ryan v. Smith*, 904 F.2d 112, 115 (1st Cir.1990) (quoting Fed.R.Civ.P. 56(c)). Our review of summary judgments is plenary, and we look at all of the facts on the record and draw all inferences in the light most favorable to the non-moving party. *Id.*

## MALICIOUS PROSECUTION

Ayala contends that Matos maliciously prosecuted him in violation of § 1983. Specifically, he claims that Matos "knowing[ly] and maliciously falsified evidence in order to initiate proceedings against [him]...." Plaintiff's First Amended Complaint at 5.

A federal constitutional claim under § 1983 based on malicious prosecution requires conduct so egregious and conscience shocking that it violates the plaintiff's due process rights. *Torres v. Superintendent of Police of Puerto Rico*, 893 F.2d 404, 409 (1st Cir.1990).

To constitute a violation of due process, a malicious prosecution must either result in a deprivation of life, liberty, or property, or violate another constitutional right. *Id. See also Albright v. Oliver*, 975 F.2d 343, 347 (7th Cir.1992). For example, if a defendant prosecuted a plaintiff due to race, or in order to prevent free speech, then the malicious prosecution would generate a constitutional claim. *See Torres*, 893 F.2d at 409.

Viewing the facts in the light most favorable to Ayala, the motions and evidence reflect that: several police officers beat Ayala without physical provocation; Matos was present during the beating and might have participated; Matos then fabricated several charges against Ayala in order to justify the injuries that Ayala received.

While these facts, if true, are clearly morally repugnant and might well support a claim for malicious prosecution under Puerto Rican tort law, they fail to meet the

standards of a malicious prosecution claim under § 1983. The evidence fails to show that Matos prosecuted Ayala for racial or political motivation, or otherwise deprived him of equal protection. In addition, Ayala's detention was part of a lawful arrest for driving while under the influence of alcohol, and the magistrate quickly dismissed the questionable charges that Matos brought. Thus, the malicious prosecution did not cause the deprivation of Ayala's life, liberty, or property.

Because Ayala suffered no due process violation, Matos is entitled to a judgment as a matter of law on the malicious prosecution claim.

We remand the rest of the case for a clarification of whether the district court granted Ayala's amended complaint, and for a ruling on the amended complaint's three additional claims in the event that it did.

*Affirmed in part; remanded in part.*