USCA1 Opinion

 

 April 2, 1993 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-1933 THOMAS P. BUDNICK, Plaintiff, Appellant, v. BARNSTABLE COUNTY BAR ADVOCATES, INC., Defendant, Appellee. ____________________ ERRATA SHEET The opinion of this Court issued on March 30, 1993 is amended as follows: Page 2, footnote 1, line 16: Change "renumeration" to "remuneration." March 30, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-1933 THOMAS P. BUDNICK, Plaintiff, Appellant, v. BARNSTABLE COUNTY BAR ADVOCATES, INC., Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Edward F. Harrington, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Selya and Cyr, Circuit Judges. ______________ ____________________ Thomas P. Budnick on brief pro se. _________________ Edward B. McGrath, Thomas B. Farrey, III, and Burns & Farrey on _________________ ______________________ _______________ brief for appellees Town of Harwich, Barry M. Mitchell, Estate of Norman A. Fennell, Jonathan Mitchell, and Harwich Police Department. Scott Harshbarger, Attorney General, and Stephen Dick, Assistant __________________ ____________ Attorney General, on Memorandum of Law for appellees Massachusetts Department of Public Safety and Sidney Callis, M.D. ____________________ ____________________ Per Curiam. The district court disposed of the ___________ complaint of plaintiff/appellant, Thomas Budnick, by the following order: This Court has thoroughly reviewed the plaintiff's Complaint. It is rife with bizarre factual and legal allegations rendering it virtually incomprehensible. This Court has concluded that the plaintiff's Complaint fails to state a claim upon which relief can be granted. Therefore, this Court, acting sua sponte, ORDERS that the above- ___ ______ entitled action be DISMISSED WITH PREJUDICE. SO ORDERED. Budnick appeals the dismissal of his complaint with prejudice and the denial of his subsequent motions seeking to vacate the dismissal, to vacate the "with prejudice" designation, and to amend his complaint. While we disagree with the district court's characterization of the complaint as virtually incomprehensible,1 we agree that it fails to state ____________________ 1. To be sure, Budnick's complaint contains references which understandably may be characterized as bizarre. Budnick is a self-proclaimed space prospector, who believes that the United States ought to continue its "manifest destiny" by claiming mineral rights on heavenly bodies, on its own behalf, rather than allowing space exploration to be pursued on behalf of "common mankind." Using various resources, he has mapped out mining claims to plots on several planets, asteroids, and the moon, which he believes are rich in diamonds, gold, platinum, and other strategic metals. He sought to file his mining claims in numerous county courts of numerous states, but was rebuffed. Since 1981, however, the Sabine County Court, in rural East Texas, has accepted for filing more than 60 of his mining claims because, according to the court clerk's office, the county needed the money from the filing fees. Budnick says that he does not expect to gain any financial remuneration; he has filed his claims in the names of the heirs of, among others, Sam Houston, Moses, -2- a claim upon which relief can be granted. Further, we conclude that any amendment would be futile. With respect to the pendent state law claims, however, we believe that they should have been dismissed without prejudice for lack of ____________________ and Martin Luther. Fragmentary references to this hobby (and to field assay work which he has done here on Earth) were scattered throughout his complaint. A somewhat clearer frame of reference emerged when Budnick filed his opposition to Attorney Loesch's motion to dismiss, see footnote 4, infra, ___ _____ and he submitted copies of several newspaper accounts which outlined this story. Although these factual allegations are odd, they suggest that Budnick may be eccentric, but do not support an inference that he is delusional. And, while these factual allegations arguably may seem bizarre, they were not the basis for any bizarre legal allegations. The complaint, as described infra at 7-8, alleged that Budnick was unlawfully _____ arrested for attempting to cut down a tree on his parents' property and then held involuntarily for mental evaluation. At first blush, it is puzzling why these references to his hobby were included at all. A closer reading suggests, however, that Budnick proceeded on the assumption that he must present his entire case when filing his complaint, including resulting harm. And, in his view, his reputation has been damaged by his confinement for mental evaluation following his arrest. Budnick concedes that he has been scoffed at by many, but, he says, people dismissed this country's purchases of the Louisiana Territory and Alaska. His credibility can only be further weakened, he says, when those who disagree with his support for a continuing "manifest destiny" discover his involuntary commitment for psychiatric evaluation. Damage to reputation alone, of course, does not constitute a viable claim under 1983. Paul v. Davis, 424 U.S. 693, 713 (1976); Watterson v. Page, ____ _____ _________ ____ No. 92-1224, 1993 WL 23908, at *6 n.4 (1st Cir. Feb. 9, 1993). But Budnick did not allege damage to his reputation as the basis for his cause of action. He asked that the court consider that harm in assessing damages resulting from what he alleged was an unlawful arrest and involuntary commitment for mental evaluation. Construing this inartful pro se complaint in a liberal fashion, as we must, Haines v. Kerner, 404 U.S. 519, 520 ______ ______ (1972), we disagree that it is "virtually incomprehensible." -3- jurisdiction. We vacate and remand to the district court for entry of a judgment reflecting that conclusion. In all other respects, we affirm the district court's order. I. The Legal Standards The district court did not spell out the statutory or other available basis for its sua sponte dismissal. The order's language - "the plaintiff's Complaint fails to state a claim upon which relief can be granted" - suggests the dismissal was pursuant to Fed. R. Civ. P. 12(b)(6). We proceed, therefore, on that basis.2 The standard for a Rule 12(b)(6) dismissal is a familiar and oft-repeated one. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. ______ Gibson, 355 U.S. 41, 45-46 (1957). We review such a ______ dismissal de novo. Kale v. Combined Ins. Co. of Am., 924 ____ _________________________ F.2d 1161, 1165 (1st Cir.), cert. denied, 112 S. Ct. 69 _____________ (1991); Gonzalez-Bernal v. United States, 907 F.2d 246, 248 _______________ _____________ (1st Cir. 1990). The Supreme Court, as yet, has had "no occasion to pass judgment, however, on the permissible scope, if any, of sua ____________________ 2. In any event, we rule out as a possible basis 28 U.S.C. 1915(d), as that statute applies only to in forma pauperis actions, Street v. Fair, 918 F.2d 269, 272 (1st Cir. 1990), ______ ____ which this was not. Budnick paid the required filing fee. -4- sponte dismissals under Rule 12(b)(6)." Neitzke v. Williams, _______ ________ 490 U.S. 319, 329 n.8 (1989). The Court has pointed out that "[u]nder Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon." Id. at 329. A ___ sua sponte dismissal preempts that notice and opportunity to amend before dismissal. We have suggested, in dictum, that a sua sponte dismissal on the ground that a complaint is inadequate, without notice of the proposed dismissal and an opportunity to address the issue, might require reversal. Literature, ___________ Inc. v. Quinn, 482 F.2d 372, 374 (1st Cir. 1973).3 Even if ____ _____ the district court erred in failing to provide Budnick with pre-dismissal notice and opportunity to respond in this case, however, we decline to remand because it is evident that (1) Budnick could not prevail based on the facts alleged in the complaint, see Smith v. Boyd, 945 F.2d 1041, 1043 (8th Cir. ___ _____ ____ ____________________ 3. Some courts have reversed in such circumstances. See, ____ e.g., Morrison v. Tomano, 755 F.2d 515 (6th Cir. 1985) ____ ________ ______ (holding that a district court should not dismiss a complaint for failure to state a claim without affording plaintiffs notice and an opportunity to address the perceived shortcomings); Jefferson Fourteenth Assoc. v. Wometco de _____________________________ __________ Puerto Rico, 695 F.2d 524 (11th Cir. 1983) (holding that a ____________ sua sponte dismissal without notice and an opportunity to respond violated a plaintiff's due process rights); see also ________ Lewis v. N.Y., 547 F.2d 4, 6 n.4 (2d Cir. 1976) ("Failure to _____ ____ afford plaintiffs an opportunity to address the court's sua ___ sponte motion to dismiss is, by itself, grounds for ______ reversal."). -5- 1991) (holding that the failure to give notice and an opportunity to respond prior to dismissal is not per se reversible error when it is "patently obvious" the plaintiff could not prevail based on the facts alleged in the complaint); Baker v. Director, U.S. Parole Comm'n, 916 F.2d _____ _____________________________ 725, 726 (D.C. Cir. 1990) (same), and (2) amendment would be futile, see Shockley v. Jones, 823 F.2d 1068, 1072-73 (7th ___ ________ _____ Cir. 1987) (holding that a sua sponte dismissal without notice or the opportunity to be heard is improper but reversal is not mandated when amendment would be futile); Tyler v. Mmes. Pasqua & Toloso, 748 F.2d 283, 287 (5th Cir. _____ ______________________ 1984) (similar), overruled on other grounds by, Victorian v. ______________________________ _________ Miller, 813 F.2d 718 (5th Cir. 1987).4 ______ ____________________ 4. Although the order of dismissal stated that the district court was acting sua sponte, one of the defendants, Attorney Steven Loesch, had filed a motion to dismiss, pursuant to Rule 12(b)(6), for failure to state a claim, and Budnick had filed an opposition. The grounds raised in Attorney Loesch's motion, however, would not have provided Budnick with notice of any potential defects in his complaint as to any of the other eight defendants, excepting perhaps the defendant Barnstable County Bar Advocates, Inc., which Budnick alleged was Loesch's employer. We treat the district court's dismissal, therefore, as it, itself, characterized it - that is, as a sua sponte dismissal. Our conclusion -- that the failure to provide Budnick with pre-dismissal notice and opportunity to respond does not warrant reversal because it is evident that his complaint failed to state a claim and that no amendment could remedy it -- necessarily encompasses a conclusion that there was no error in dismissing Budnick's claim against Loesch, the deficiency of which Budnick, in fact, had notice and to which he had the opportunity to respond. We are also aware that the sua sponte dismissal in this case deprived Budnick of his right, under Fed. R. Civ. P. 15(a), to amend his complaint "once as a matter of course at -6- II. The Complaint Budnick's complaint is written in a narrative, and somewhat dramatic, form. It contains much extraneous and disjointed information. But construing this inartful pleading by a pro se litigant in a liberal fashion, as we must, Haines v. Kerner, 404 U.S. 519, 520 (1972), and ______ ______ accepting as true the factual allegations pled, Rodi v. ____ Ventetuolo, 941 F.2d 22, 23 (1st Cir. 1991), we can distill __________ from the complaint that Budnick's claims stem from what he alleges was an unlawful arrest. The complaint alleges the following: On September 23, 1990, Budnick resided at his parents' home on Division Street in Harwich, Massachusetts. That house apparently is in very close proximity to the boundary between Harwich, and Dennis, Massachusetts. Budnick alleges that, on that date, he began to cut down a pine tree on the property, which had been damaged in a storm. After making two cuts in the tree, his mother called the Harwich Police Department. Officer Jonathan Mitchell responded. Budnick left the scene, putting away his chain saw and taking his car out for a ride, he says, to get the oil hot ____________________ any time before a responsive pleading is served." Fed. R. Civ. P. 15(a); Correa-Martinez v. Arrillaga-Belendez, 903 _______________ __________________ F.2d 49, 59 n.8 (1st Cir. 1990) (a Rule 12(b)(6) motion to dismiss is not a responsive pleading for purposes of Rule 15(a)). Inasmuch as we have determined that amendment would be futile, error, if it be such, would not warrant remand. Correa-Martinez v. Arrillaga-Belendez, 903 F.2d at 59. _______________ __________________ -7- for an oil change. He returned in an hour and started to change the oil. He was, at that time, he alleges, 35 feet into Dennis. A Dennis police officer arrived, following which Harwich Police Officer Barry Mitchell arrived. Officer Barry Mitchell spent a very short time in Budnick's house, looking at what Budnick says was a leaking washing machine pipe. Budnick had purchased a new washing machine the day before and was going to replace the old machine. Officer Barry Mitchell then came out and arrested Budnick for malicious destruction of property over $250 [apparently the tree and perhaps the pipe], Mass. Gen. L. ch. 266, 127, and disorderly conduct, Mass. Gen. L. ch. 272, 53. Budnick, at the time, was standing in Dennis. Budnick's mother protested that she had only wanted the officer to talk to her son. Budnick spent the night at the Harwich police station. The next day, he was taken to court, where he was examined by Dr. Sidney Callis, a court-appointed psychiatrist. Budnick claims that Dr. Callis deliberately misinterpreted Budnick's statements to him. The court committed Budnick to Bridgewater State Hospital for psychological testing. On October 1, 1990, Budnick was transferred to Cape Cod and the Islands Community Mental Health Center. On October 12, 1990, Budnick returned to court. He was represented by court-appointed counsel, Attorney Steven Loesch. Trial was set for November 6, 1990. In the -8- meantime, according to Budnick, Loesch made no effort to conduct discovery. On November 6th, the malicious destruction of property charges were dismissed. The disorderly conduct charge was continued without a finding for 30 days, whereupon that charge also was dismissed. Budnick filed a twenty-one page, eleven count complaint seeking damages against nine defendants - (1) the Town of Harwich, (2) the Harwich Police Department, (3) the estate of Norman Fennell, the former Harwich Police Chief, (4) Officer Jonathan Mitchell, (5) Officer Barry Mitchell, (6) the Massachusetts Department of Public Safety, alleged to be the employer of Dr. Callis, (7) Dr. Callis, (8) the Barnstable County Bar Advocates, Inc., alleged to be the employer of Attorney Loesch, and (9) Attorney Loesch. The complaint alleged claims of false arrest, false imprisonment, conspiracy, intentional infliction of emotional distress, malicious prosecution, abuse of process, and negligence. It alleged various bases for jurisdiction, including 42 U.S.C. 1983 and the Racketeer Influenced and Corrupt Organizations (RICO) statute, 18 U.S.C. 1961 et seq., and pendent jurisdiction over the state tort claims. III. Discussion Because all of Budnick's claims stem from what he alleges was an unlawful warrantless arrest, we begin there. -9- To state a cause of action under 42 U.S.C. 1983, Budnick must show that, in arresting him, Officer Barry Mitchell (1) acted under color of state law; and (2) deprived Budnick of a right secured by the Constitution or federal law. Parratt v. _______ Taylor, 451 U.S. 527, 535 (1981). There is no dispute that ______ Officer Mitchell was acting under color of state law in arresting Budnick. Pittsley v. Warish, 927 F.2d 3, 6 (1st ________ ______ Cir.), cert. denied, 112 S. Ct. 226 (1991). As to the second ____________ element of a cause of action under 1983, the federal Constitution permits an officer to arrest a suspect without a warrant if there is probable cause to believe that the suspect has committed or is committing an offense. Michigan ________ v. DeFillippo, 443 U.S. 31, 36 (1979). __________ Budnick says that his mother called the Harwich police after he started to cut down a tree on his parents' property. Officer Jonathan Mitchell responded and Budnick left the scene. When he returned, Officer Barry Mitchell arrived, entered Budnick's parents' home for a brief time, where he apparently spoke to Budnick's mother, exited and arrested him for malicious destruction of property and disorderly conduct. These facts show that, at the moment of Budnick's arrest, "the facts and circumstances within [Officer Barry Mitchell's] knowledge and of which [he] had reasonably trustworthy information [was] sufficient to warrant a prudent man in believing that [Budnick] had committed or was -10- committing an offense." Beck v. Ohio, 379 U.S. 89, 91 ____ ____ (1964).5 Budnick's allegation of unlawful arrest merely recites a lack of probable cause and, in fact, seems more focused on another aspect of his arrest. Budnick repeatedly points out that Officer Mitchell, a Harwich police officer, arrested him, not in Harwich, but in Dennis. He says that Officer Mitchell, a Harwich police officer, arrested him outside of the officer's jurisdiction, in Dennis, on felony charges (2 counts of malicious destruction of property over $250) and a misdemeanor charge (disorderly conduct) without a warrant and not in "hot pursuit." But to proceed with a 1983 action, Budnick must show that this extraterritorial arrest violates a right secured by federal law, Constitutional or statutory. _______ "Whether an officer is authorized to make an arrest ordinarily depends, in the first instance, on state law." Michigan v. DeFillippo, 443 U.S. at 36. And in this case the ________ __________ arrest does not even appear to be unlawful under state law. ____________________ 5. The mere fact that Budnick's mother had not wished his arrest and/or that the charges were later dismissed or continued without a finding, of course, is irrelevant to the validity of the arrest. See Michigan v. DeFillippo, 443 U.S. ___ ________ __________ at 36 (stating that "the mere fact that the suspect is later acquitted of the offense for which he is arrested is irrelevant to the validity of the arrest"); Baker v. _____ McCollan, 443 U.S. 137, 145 (1979) (stating that "[t]he ________ Constitution does not guarantee that only the guilty will be arrested. If it did, 1983 would provide a cause of action for every defendant acquitted - indeed, for every suspect released."). -11- It is true that, under Massachusetts law, a police officer has no power to make a warrantless arrest outside the boundaries of the governmental unit by which he was appointed except for a fresh pursuit arrest for any arrestable offense, whether it be a felony or misdemeanor, initially committed in the arresting officer's presence and within his jurisdiction. Commonwealth v. LeBlanc, 407 Mass. 70, 72 (1990). But, "a ____________ _______ police officer, while unable to act as an officer in an adjoining jurisdiction, does not cease to be a citizen in that jurisdiction ... and may lawfully conduct a citizen's arrest there if he has probable cause to believe that a felony has been committed and that the person arrested has committed it." Commonwealth v. Dise, 31 Mass. App. Ct. 701, ____________ ____ 704 (1991), further appellate review denied, 412 Mass. 1102 _______________________________ (1992) (footnote omitted).6 And, if there was authority and probable cause to arrest for the felony of malicious destruction of property over $250, the arrest was lawful, regardless of whether there was authority or probable cause also to arrest for the misdemeanor. See Barry v. Fowler, 902 ___ _____ ______ F.2d 770, 773 (9th Cir. 1990) (an arrest is a single ____________________ 6. Cf. United States v. Foster, 566 F. Supp. 1403, 1411-12 & ___ _____________ ______ n.9 (D.D.C. 1983) (finding a seizure violated the Fourth Amendment where a Metro Transit police officer's Terry stop _____ of defendant for an offense occurring on a city street exceeded the limits of the officer's authority to stop for offenses originating on or in a Metro station and since the offense was a misdemeanor, the officer's action could not be justified as a citizen's arrest). -12- "seizure"; if there is probable cause to arrest for one crime, the seizure is not unconstitutional even if probable cause is lacking for the second crime.).7 In short, the allegations in Budnick's complaint suggest a valid arrest under state law and nothing in that complaint, or reasonably inferred from that complaint, suggests that such an arrest, nonetheless, violates federal law so as to support the exercise of federal jurisdiction. Further, even a liberal reading of the complaint fails to reveal the seeds of a viable claim which would indicate that any amendment might be fruitful. Budnick described the circumstances of his arrest in detail. The facts pled show probable cause and lawful authority to arrest consistent with federal law. We fail to see how any additional facts (and he has not provided any, either in his motion to amend, filed in the district court, or even in his appellate brief) could be compatible with those already pled and also negate that showing. ____________________ 7. We assume, without deciding, that a police officer, although making a citizen's arrest, would nonetheless be acting under color of state law in making the arrest. See ___ Street v. Surdyka, 492 F.2d 368, 374 (4th Cir. 1974). The ______ _______ opposite assumption, of course, dooms the 1983 claim, in any event. Moreover, while state law might prohibit a warrantless arrest for a misdemeanor not committed in the officer's presence, such a prohibition is not grounded in the Fourth Amendment. Barry v. Fowler, 902 F.2d at 772; Street v. _____ ______ ______ Surdyka, 492 F.2d at 370-73; 2 Wayne R. LaFave, Search and _______ Seizure 5.1(b), at 403-04 (2d ed. 1987). -13- The arrest being lawful, those claims which, as described in Budnick's complaint, are necessarily premised upon an unlawful arrest - that is, his claims against the Town of Harwich, its police department and police chief, for failure properly to investigate, for failure to train, discipline, and/or supervise, and for negligent training, discipline and/or supervision - fail as well. Pittsley v. ________ Warish, 927 F.2d at 9 n.4 ("In order to have a viable 1983 ______ claim against a municipality, a state actor must first commit an underlying constitutional violation."). Budnick's claim that Dr. Callis, the court-appointed psychiatrist, misinterpreted his statements and, as a result, Budnick was committed to a state hospital for a week for psychological testing and then to a community mental health center for further testing fares no better.8 We pass the question whether Dr. Callis is acting under color of state law for purposes of 1983 in these circumstances. Compare _______ Watterson v. Page, No. 92-1224, 1993 WL 23908, at *5 (1st _________ ____ Cir. Feb. 9, 1993) (assuming, without deciding, that a state court order referring child for counseling to private psychologists provided a sufficient basis for the psychologists to be acting under color of state law) with ____ Hall v. Quillen, 631 F.2d 1154 (4th Cir. 1980) (holding that ____ _______ ____________________ 8. We assume here that Budnick was suing Dr. Callis in his individual capacity. -14- a court-appointed physician examining a plaintiff in connection with a court-ordered involuntary commitment to a state hospital is not acting under color of state law for purposes of 1983 liability), cert. denied, 454 U.S. 1141 _____________ (1982). At best, the allegations state a claim of negligence, which is an insufficient basis for a claim under 1983. Watterson v. Page, No. 92-1224, 1993 WL 23908, at _________ ____ *6. Budnick's allegation that Dr. Callis' misinterpretation was deliberate does not save this claim from dismissal. As a witness at a judicial proceeding, Dr. Callis has absolute immunity from 1983 damages liability even were his testimony false. Id. at *7. If false testimony is cloaked ___ in immunity, certainly a deliberate misinterpretation is, as well.9 The claim against Attorney Loesch based on Budnick's dissatisfaction with his representation also was properly dismissed. A court-appointed attorney when representing a defendant in a state criminal proceeding does not act under color of state law within the meaning of 1983. Polk County ___________ ____________________ 9. The only allegation raised against defendant Massachusetts Department of Public Safety is Budnick's contention that that entity is the employer of Dr. Callis. No viable 1983 claim having been raised against Callis, any claim against the Massachusetts Department of Public Safety, Callis' alleged employer, also fails. See Watterson v. Page, ___ _________ ____ No. 92-1224, 1993 WL 23908 at *7. In any event, suit against the department (and against Callis, in his official capacity) is barred by the Eleventh Amendment as a suit against the state. Will v. Michigan Dep't of State Police, 491 U.S. 58, ____ ______________________________ 66, 71 (1989). -15- v. Dodson, 454 U.S. 312 (1981); id. at 333 n.4 (Blackmun, J., ______ ___ dissenting); Jackson v. Salon, 614 F.2d 15, 16-17 (1st Cir. _______ _____ 1980).10 There being no deprivation of a federal right, Budnick's conclusory claim of conspiracy among the various defendants evaporates. Brennan v. Hendrigan, 888 F.2d 189, 195 (1st _______ _________ Cir. 1989) (to be actionable under 1983, a plaintiff has to show not only an agreement, but a deprivation of a constitutionally secured right). Finally, there being no allegations which would support the exercise of federal jurisdiction,11 those pendent claims alleging violations of the state Tort Claims Act, Mass. Gen. L. ch. 258, or which otherwise arise under state tort law - false imprisonment, intentional infliction of emotional distress, malicious prosecution,12 abuse of process, negligence - were properly ____________________ 10. Consequently, Budnick's claim against the Barnstable County Bar Advocates, Inc., alleged to be Attorney Loesch's employer, was properly dismissed as well. Pittsley v. ________ Warish, 927 F.2d at 9 n.4; see also Polk County v. Dodson, ______ ________ ___________ ______ 454 U.S. at 325 ( 1983 will not support a claim based on a respondeat superior theory of liability). 11. Budnick's allegation of a cause of action pursuant to the RICO statute, 18 U.S.C. 1961 et seq., is patently meritless and warrants no discussion. See Sedima, S.P.R.L. ___ ________________ v. Imrex Co., 473 U.S. 479, 496 (1985) (listing elements _________ required to state a claim). 12. To the extent that Budnick may have alleged malicious prosecution as itself a constitutional violation actionable under 1983, we note that malicious prosecution does not per se abridge rights secured by the Constitution. Morales v. _______ Ramirez, 906 F.2d 784, 788 (1st Cir. 1990). In addition to _______ showing that defendants instituted criminal proceedings -16- dismissed. Mine Workers v. Gibbs, 383 U.S. 715, 726-27 ____________ _____ (1966). Rather than dismiss with prejudice, however, we think the preferable course is to dismiss these claims without prejudice for lack of jurisdiction. Figueroa Ruiz v. _____________ Alegria, 896 F.2d 645, 650 (1st Cir. 1990). We, therefore, _______ vacate the order of the district court with respect to the state law claims and direct that these be dismissed without prejudice for lack of jurisdiction. In so doing, of course, we express no opinion as to their viability. IV. Miscellaneous Motions Contemporaneously with the denial of Budnick's motions to vacate the dismissal of the complaint, to vacate the "with prejudice" designation, and to amend the complaint, the district court judge also denied a simultaneously filed motion to disqualify himself. The motion to disqualify alleged that Budnick intended to file a judicial misconduct complaint against the judge. Budnick claims the district court erred in ruling on his motions after being notified of his intent to file a complaint. There was no error. The mere issuance of unfavorable rulings cannot form the basis of ____________________ against an innocent person without probable cause for an improper purpose, Torres v. Superintendent of Police of ______ ______________________________ Puerto Rico, 893 F.2d 404, 409 (1st Cir. 1990), "a federal ____________ constitutional claim under 1983 based on malicious prosecution requires conduct so egregious and conscience shocking that it violates the plaintiff's due process rights." Ayala-Martinez v. Anglero, 982 F.2d 26, 27 (1st ______________ _______ Cir. 1992). The conduct in the present case does not, by any measure, rise to this level. -17- a disqualification or misconduct claim. Joseph E. Bennett __________________ Co. v. Trio Indus., Inc., 306 F.2d 546, 549 (1st Cir. 1962). ___ _________________ Lastly, we dispose of several pending motions filed in this court: (1) In view of the disposition of this appeal, the motion of the Massachusetts Department of Public Safety and Dr. Callis for summary disposition is denied as moot. Their motion to accept their memorandum in support of that motion as their appellees' brief is granted. (2) Budnick's motions for default judgments against Attorney Loesch and the Barnstable County Bar Advocates, Inc. are denied. (3) Budnick's "motion to add clear color photographs for previously submitted black and white photos" is denied. The record on appeal is composed of the original papers and exhibits filed in the district court. Fed. R. App. P. 10(a). (4) Budnick's "motion to add recently revealed defendants- appellees admission of Judge Harrington's error" is denied. In any event, appellant misunderstands the statement to which he points. It was not a concession. V. Conclusion For the reasons discussed in this opinion, the order of the district court is affirmed, in part, and vacated and ________ ____________ remanded, in part. ________ -18-