USCA1 Opinion

 

 September 29, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-2368 KIMBALL S. HALL, Plaintiff, Appellant, v. R. SCOTT GONFRADE ET AL., Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. A. David Mazzone, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Cyr, Circuit Judges. ______________ ____________________ Kimball S. Hall on brief pro se. _______________ John H. LaChance, LaChance & Whatley on brief for appellee. ________________ __________________ ____________________ ____________________ Per Curiam. Plaintiff/appellant Kimball Hall appeals ___________ the dismissal of his complaint against defendant/appellee R. Scott Gonfrade by the United States District Court for the District of Massachusetts. We affirm, albeit for reasons other than those on which the district court relied. I According to the allegations in Hall's complaint, on April 5, 1989, Hall and his brother attempted to serve Gonfrade, a Deputy Sheriff of Middlesex County, with a summons and complaint stemming from Gonfrade's alleged false arrest and prosecution of Hall in 1985.1 Gonfrade allegedly responded by assaulting Hall's brother, seizing a camera from Hall and destroying the film, and then fraudulently arresting Hall and charging him with assault. Hall further alleges that Gonfrade submitted false reports about the incident. A jury found Hall not guilty of the assault charge on May 11, 1990. On April 29, 1993, Hall filed a pro se complaint against Gonfrade and others.2 As amended on July 1, the complaint, liberally construed, asserts claims against Gonfrade for violations of Hall's civil rights, pursuant to 42 U.S.C. ____________________ 1. Although Hall's complaint contains several counts stemming from the 1985 incident, these claims are time barred and have not been pressed on appeal. 2. Hall does not appeal the dismissal of the complaint against any of the defendants except Gonfrade. 1983, for false arrest and malicious prosecution stemming from the 1989 incident. He also asserts several pendant state law claims. On July 8, 1993, Gonfrade filed a motion to dismiss the complaint on statute of limitations grounds. On July 22, Hall filed a motion to enlarge the time for filing his opposition to the motion to dismiss to and including September 16, 1993. This motion was granted on August 19, 1993. Nevertheless, Hall failed to file an opposition to the motion to dismiss. He now asserts that he was never informed that his motion to extend the time for filing an opposition had been granted. On November 19, 1993, the district court granted the motion to dismiss on the ground that "no opposition ha[d] been filed." II A litigant's "pro se status [does not] absolve him from compliance with the Federal Rules of Procedure." United ______ States v. Heller, 957 F.2d 26, 31 (1st Cir. 1992) (quoting ______ ______ Feinstein v. Moses, 951 F.2d 16, 21 (1st Cir. 1991)). Thus, _________ _____ pursuant to Local Rule 7.1(B)(2), Hall was required to file any opposition to Gonfrade's motion to dismiss on or before September 16. Nor can Hall be excused from this deadline by lack of awareness that the court had granted his motion to extend the time for filing his opposition. It is "an abecedarian rule of civil practice [that] parties to an -3- ongoing case have an independent obligation to monitor all developments in the case and cannot rely on the clerk's office to do their homework for them." Witty v. Dukakis, 3 _____ _______ F.3d 517, 520 (1st Cir. 1993). Hence, when Hall failed to respond to the motion to dismiss by September 16, he waived his right to oppose the motion. Nevertheless, nothing in Local Rule 7.1 indicates that failure to oppose a motion is grounds for granting the unopposed motion. This court has recently held that in the case of failure to oppose a motion for summary judgment, "[t]he consequence . . . of failing to comply with the rule is that the party may lose the right to file an opposition." Mullen v. St. Paul Fire & Marine Ins. Co., 972 F.2d 446, 451- ______ ______________________________ 52 (1st Cir. 1992) (interpreting Local Rule 7.1(A)(2)). However, the court is still obliged to consider whether, in light of the record, the motion should be granted according to the appropriate legal standard. See id. at 452 ___ __ (discussing unopposed motion for summary judgment). We see no reason why the rule should be any different in regard to a motion to dismiss.3 See also Local Rule 7.1(F) (providing ___ ____ ____________________ 3. This court's opinion in Mangual v. General Battery Corp., _______ ____________________ 710 F.2d 15 (1st Cir. 1983), is distinguishable from the instant case. In Mangual, the district court had ordered the _______ plaintiffs to file their opposition to the motion to dismiss within 30 days of the completion of discovery. It granted the unopposed motion to dismiss only after this order was ignored. In reviewing the district court decision, this court likewise relied on cases in which an action had been dismissed for failure to comply with a district court order. -4- that motions which are to be decided without hearings "will ____ be decided on the papers submitted after an opposition to the __________________________________ motion has been filed, or if no opposition is filed, after the time for filing an opposition has elapsed") (emphasis added). In the instant case, we agree with Gonfrade that Hall's claim for false arrest is time barred. A civil rights claim pursuant to 1983 must be brought within the applicable statute of limitations period of the state within which the incident occurred, see Wilson v. Garcia, 471 U.S. 261, 275 ___ ______ ______ (1985), in this case, three years, see Mass. Gen. L. c. 260, ___ 2A; Street v. Vose, 936 F.2d 38, 39-40 (1st Cir. 1991), ______ ____ cert. denied, 112 S.Ct. 948 (1992). Hall's arrest occurred ____ ______ in 1989. Since a claim for false arrest accrues on the date of the arrest, see, e.g., Rose v. Bartle, 871 F.2d 331, 351 ___ ___ ____ ______ (3d Cir. 1989); McCune v. Grand Rapids, 842 F.2d 903, 907 ______ ____________ (6th Cir. 1988); Venegas v. Wagner, 704 F.2d 1144, 1146 (9th _______ ______ Cir. 1983); Singleton v. New York, 632 F.2d 185, 191 (2d Cir. _________ ________ 1980), cert. denied, 450 U.S. 920 (1981), Hall's April 1993 ____ ______ claim was time barred. Hall's claim for malicious prosecution, however, did not accrue until he was found not guilty of the assault charge in May 1990. See, e.g., Heck v. Humphrey, 114 S.Ct. 2364, 2371 ___ ___ ____ ________ (1994); Brummett v. Camble, 946 F.2d 1178, 1183-84 (5th Cir. ________ ______ 1991), cert. denied, 112 S.Ct. 2323 (1992); Rose, 871 F.2d at ____ ______ ____ -5- 348; McCune, 842 F.2d at 907; Venegas, 704 F.2d at 1146; ______ _______ Singleton, 632 F.2d at 198. Hence, this claim was timely _________ filed. Nonetheless, it must be dismissed because it fails to state a claim for which relief can be granted. See Fed. R. ___ Civ. P. 12(b)(6). Malicious prosecution standing alone does not implicate federally protected rights. See Torres v. Superintendent of ___ ______ _________________ Police, 893 F.2d 404, 409 (1st Cir. 1990). Hence, to state a ______ federal claim under 1983 for malicious prosecution, a plaintiff must allege that he suffered a deprivation of his constitutional right to substantive or procedural due process. Id. at 409-10. Hall has not alleged sufficient __ facts to support a claim that he was deprived of either. A substantive due process deprivation must allege "conscience shocking" conduct by the defendant. See id. at ___ __ 410. Such conduct rarely has been found absent a plaintiff's having been "physically abused, detained, prosecuted due to racial or political motivation or otherwise deprived of equal protection of the law." Id. (citing cases); see also Ayala- __ ___ ____ ______ Martinez v. Anglero, 982 F.2d 26, 27-28 (1st Cir. 1992) ________ _______ (affirming grant of summary judgment where evidence did not show prosecution was "for racial or political motivation, or otherwise deprived [plaintiff] of equal protection"). No similar conduct has been alleged by Hall. Rather, he alleges -6- simple misuse of the legal process. This alone will not sustain a claim under 1983.4 See id. ___ __ To support a claim for malicious prosecution due to a violation of procedural due process, a plaintiff must show, inter alia, that state tort law remedy does not furnish an _____ ____ adequate remedy. Id. The existence of an adequate remedy __ for malicious prosecution under Massachusetts law, see Smith ___ _____ v. Massachusetts Dep't of Correction, 936 F.2d 1390, 1402 __________________________________ (1st Cir. 1991), is fatal to Hall's procedural due process claim. Finally, our determination that Hall has failed to plead an actionable claim of malicious prosecution and that his claim for false arrest is time barred precludes any claim that he has been the victim of a continuing constitutional violation. See Perez-Ruiz, 25 F.3d at 41 n.1. ___ __________ The order of the district court dismissing Hall's claims is affirmed. ________ ____________________ 4. Moreover, the recent Supreme Court case of Albright v. ________ Oliver, 114 S.Ct. 807 (1994), "would appear virtually to ______ foreclose reliance on substantive due process as the basis for a viable malicious prosecution claim under section 1983." Perez-Ruiz v. Crespo-Guillen, 25 F.3d 40, 42 (1st Cir. 1994). __________ ______________ -7-