89 F.3d 832
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carmelita Weaver BOWMAN, Plaintiff-Appellee,
v.
WARREN COUNTY REGIONAL JAIL; Warren County Fiscal Court;
Basil Griffin; Gil Raymer; Norman Payton; Gail
Eston, Individually and in their
official capacities, Defendants,
Steve Allen Wilson, Individually and in his official
capacity, Defendant-Appellant.
 No. 95-6241.
 United States Court of Appeals, Sixth Circuit.
 June 20, 1996.
 
 Before: KEITH, BOGGS, and COLE, Circuit Judges.
 
 ORDER
 
 1
 Steve Allen Wilson appeals a district court judgment denying his motion to dismiss in a civil rights case that was filed against him and other defendants under 42 U.S.C. § 1983. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 The plaintiff in the civil rights case, Carmelita Bowman, alleged that her constitutional rights were violated while she was a pretrial detainee in a county jail. She alleged, inter alia, that the other defendants had assaulted her and had denied her adequate medical care while she was incarcerated. Bowman also sued Wilson individually and in his official capacity as a Commonwealth Attorney. Seeking only monetary relief, she alleged that Wilson had prosecuted her maliciously for biting a deputy jailor while the deputy was assaulting her.
 
 
 3
 Wilson moved to dismiss, arguing that he was protected by prosecutorial and Eleventh Amendment immunity and that Bowman had not stated a cognizable claim. The district court denied Wilson's motion on September 1, 1995, and he now appeals. In this judgment, the court also denied a separate motion to dismiss that had been brought by all of the defendants.
 
 
 4
 The district court's order is immediately appealable because Wilson's motion was based in part on allegations that he was immune from suit. See Mitchell v. Forsyth, 472 U.S. 511, 530 (1985). In reviewing a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept all of her factual allegations as true, and determine whether she undoubtedly can prove no set of facts that would entitle her to relief. Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990).
 
 
 5
 Wilson first argues that Bowman's claims were barred by absolute prosecutorial immunity. Prosecutorial immunity applies if all of the allegations against Wilson involved his official duties "in initiating a prosecution and in presenting the State's case." Imbler v. Pachtman, 424 U.S. 409, 431 (1976).
 
 
 6
 In this case, the only charge against Wilson is that "the Commonwealth Attorney validated the racism by ignoring my accusation against the deputies and prosecuting me for defending myself against an unlawful assault." JA at 8. Determining to bring a prosecution against one person and not to charge others is the quintessential prosecutorial function, and the claim against Wilson thus falls squarely within the immunity granted by Imbler. Allegations of selective prosecution motivated by racism may suffice to defeat a prosecution, Wayte v. United States, 470 U.S. 598, 608 (1985), or to support a claim of malicious prosecution against a police officer, Ayala-Martinez v. Anglero, 982 F.2d 26, 27 (1st Cir.1992), but they cannot defeat a prosecutor's immunity against suits for damage in his personal capacity.
 
 
 7
 To the extent that the suit brings a damage claim against Wilson in his official capacity, it is barred by the Eleventh Amendment. See Doe v. Wigginton, 21 F.3d 733, 736-37 (6th Cir.1994).
 
 
 8
 Accordingly, the district court's judgment is vacated insofar as it denied Wilson's motion to dismiss and the case is remanded for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.